## DEARMAN v. DEARMAN, GUARDIAN, &C.

1. The guardian of an idiot may sue at law, not only for the recovery of a debt, but in any case in which the guardians of infants may maintain a suit.

2. Where a guardian brings an action of trover, alleging that his ward, an infant, was possessed of the property, and lost the same, the declaration should be at the suit of the ward, by his guardian, instead of making the latter the real plaintiff.

3. Where a commission requires a deposition to be taken on a certain day, between the hours of 10 o'clock, A. M. and 4 P. M., and it appears to have been taken on the day designated; the *prima facie* presumption is, that the commission was executed within the appointed hours: and this seems to be the law, although the caption or certificate neither affirm such to be the fact.

WRIT af Error to the Circuit Court of Sumter.

This was an action of trover, for the conversion of a slave, brought by the defendant in error against the plaintiff. The declaration commences as follows : " William Dearman, guardian in idiocy of Jonathan C. Dearman, by attorney, complains, &c." ; and counts upon the possession of the ward, and conversion by the defendant previous to the time when he was declared an idiot, and concludes to the damage of the ward. To the declaration the defendant demurred, and his demurrer being overruled, he pleaded *not guilty ;* and on an issue upon that plea, the cause was submitted to a jury, who returned a verdict for the plaintiff ; on which a judgment has been entered.

A bill of exceptions was sealed at the trial, at the instance of the defendant, which is precisely similar to the bill which was certified in the case of Dearman v. Radcliffe, [at this term,] with the exception, that it appears " the defendant offered to read a deposition for the purpose of establishing by the subscribing witness, a bill of sale which was material to the defence. The plaintiff objected to the admission of the deposition, on the ground, that the notice served on him, recited, that the same would be taken between the hours of 10 A. M. and 4 P. M. on a day designated ; when the certificate to the deposition did not show that it had been taken within the hours prescribed, but only that it was

taken on the day and at the place appointed. The objection was sustained, and the deposition excluded.

R. H. SMITH, for the plaintiff in error.
JOHN ERWIN, for the defendant.

COLLIER, C. J.—The fifty-second section of the act of 1806, " concerning wills and testaments ; the settlement of intestate's estates ; and the duty of executors, administrators and guardians" enacts, that the guardians of idiots, lunatics, and persons *non compos mentis*, are empowered " to collect, sue for and recover, all just debts due to such idiot, lunatic, or person *non compos mentis.*" [Aik. Dig. 221.] The thirty-fourth section of the act of 1819, " to regulate the proceedings in the courts of law and equity in this State," provides, that the guardians of idiots and lunatics, " shall have the same power to all intents, constructions, and purposes, and shall be subject to the same rules, orders, and restrictions, as guardians of orphans are." [Aik. Dig. 250.]

If the first statute is not sufficiently comprehensive, by an equitable construction, to authorise the guardian to maintain an action for any other cause than what is technically a debt, the last enactment is in terms sufficiently broad to entitle him to sue in any case in which the guardians of orphans might bring a suit. This conclusion appears to us so palpably clear as to render unnecessary any argument or illustration upon the point. That an infant might sue by his guardian in a case like the present, has not, nor can be successfully questioned. [See Sutherland v. Goff, 5 Porter's Rep. 508.]

But the demurrer to the declaration should have been sustained upon another ground. The guardian declares in his own name, describing himself as the guardian of the idiot, alleges that the idiot was possessed of the slave, lost her, and that the defendant found and converted her to the damage of the idiot. The fair inference from all this is, that the guardian never had the possession, either actually or by construction ; but that the cause of action accrued before his appointment. This being the case, there is not the slightest pretence that he is authorized to sue in his own name. That the form of declaring makes him the real plaintiff, and that the action cannot be thus supported, for the cause stated abundantly appears from repeated decisions of this court.—

[Mason v. McLeod, 5 Porter's Rep. 223 ; Sutherland v. Goff, ib. 508 ; Gregg, et al. v. Bethea, 6 ibid. 9.]

In respect to the admissibility of the deposition, it was not necessary that the commissioners shonld have certified *in totidem verbis*, every particular direction contained in the commission. If they certify generally, that they have examined the witness *pursuant* to the commission, it is quite sufficient. [Sanford & Cleaveland v. Spence, at the last term, and Luckie v. Carothers, at this term.] In the present case, neither the commission or certificate are sufficiently recited to enable us to say whether the latter conforms to the decisions cited.

The question is, does the deposition appear to have been taken at the time when the notice to the plaintiff informed him the witness would be examined. That the commission was executed on that day, is not disputed, but the objection is, that it should appear affirmatively, that the examination was made between the hours of 10 *A. M. and* 4 *P. M.* If the certificate of the commissioners is insufficient, for the omission to affirm this fact, it might have been aided by extrinsic proof, that such was the truth of the matter. The case of Waters v. Brown, [3 Marsh. Rep. 558,] is explicit upon this point. But we think, to have authorized the admission of the deposition, no auxiliary proof was necessary. The reasonable inference is, that the commission was executed within the hours in which such business is transacted. If the deposition was taken previously, it would be competent for the party objecting, to show that he attended within the proper time, or would have attended, but for the premature examination of the witness ; if after, he might show, that he would have been present within the hours designated in the notice. And to establish these facts, we should be much inclined to admit the oath of the party objecting.

If the certificate of the commissioners or caption of the deposition affirms the fact, that the witness came before them *in pursuance* of the commission, &c., or employs other equivalent terms, and the commission conforms in its special requirements to the notice, the conclusion would be, that the witness was examined within the proper hours of the day. And even in the absence of such a special commission and certificate or caption, it would be *prima facie* admissible.

The other objections arising upon the bill of exceptions, are ful-

ly considered and expressly decided in the case of Dearman v. Radcliffe, [at this term,] to have been well taken. Our conclusion consequently is, that the judgment of the circuit court is reversed, and the cause remanded.