ROMULUS BAZEMORE et al. v. ROBERT M. BRIDGERS et al.

*Counter-claim—Practice—Demurrer—Premature Appeal.*

1. In an action for trespass for wrongful entry on land and cutting timber, where the defendants filed a counter claim, alleging that the plaintiffs had wrongfully raised a dam and ponded water back on defendants' land, which was part of the land described in the complaint as that on which the alleged trespass had been committed: *Held*, that the counter claim was not connected with cause of action, and that a demurrer thereto was properly sustained.

2. An appeal from a judgment sustaining such demurrer is premature.

CIVIL ACTION, tried at Spring Term, 1889, of BERTIE Superior Court, before *Montgomery, J.*

The plaintiffs brought this action to recover damages for alleged trespasses on their land, particularly described in the complaint. They allege, among other things, as follows:

1. "That defendant unlawfully and wrongfully entered upon said land and have cut and carried away cypress and other timber, to the plaintiffs' damage five thousand dollars.

3. "That said acts of trespass were committed on the 1st day of June, 1872, and at various other times subsequent thereto, and before the bringing of this action."

The defendants deny the material allegations of the complaint, and allege further, as follows:

9. "For further answer, and by way of counter-claim, the defendants, R. M. Bridgers and his wife, say that the plaintiffs and their father, James Burden, and their tenant, S. H. McRae, have, without authority, wrongfully and unlawfully raised the dam at Burden's Mill two feet or more, so as to pond the water back on the land of the said Bridgers and wife, and thereby damage said land one thousand dollars.

" Wherefore the defendants demand judgment—

1. " For the sum of one thousand dollars.

2. "That the plaintiffs be required to lower the dam at the Burden Mill two feet," &c.

The plaintiffs demur to the counter-claim so alleged, and assign as grounds of demurrer, as follows:

1. "It is not a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiffs' claim, or connected with the subject of the action.

2. "It is not such demand as can be set up as a counter-claim in this action."

The Court gave judgment sustaining the demurrer, and the defendants, having excepted, appealed.

No counsel for plaintiffs.
*Mr. R. B. Peebles,* for defendants.

MERRIMON, C. J.—after stating the case: This appeal was taken prematurely. The defendants should have had their exception noted in the record, and they might have had the benefit of it in an appeal from the final judgment. If, in that case, their exception should be sustained, they would then have the benefit of their counter-claim in the course of the action and a trial upon its merits—otherwise, in the absence of other exceptions, the judgment would be affirmed and the action ended without the delay and expense occasioned by multiplied and unnecessary appeals in the same action   It has been so repeatedly decided. *State* v. *McDowell,* 84 N C., 798; *State* v. *Polk,* 91 N. C., 652; *Knott* v. *Burwell,* 96 N. C., 272.

We are requested to express our opinion as to the merit of the single exception, and, as it may prevent another appeal, we will do so. In our judgment the demurrer was properly sustained. It was contended, on the argument, that the alleged counter-claim should be upheld as such, on the ground that it is "connected with the subject of the

action." This clearly cannot be so. The cause of action alleged in the complaint—in the language of the statute, (*The Code*, § 244, par. 1)—"the subject of the action," is not the land, but the alleged trespasses on it, and the cause of action—alleged indefinitely and imperfectly as a counter-claim—is in no way connected with them, so far as appears. What connection has the alleged interference of the plaintiffs with the mill-dam of the defendants to do with the trespass alleged in the complaint? We have not been told, and we cannot see that it has any whatever.

The appeal must be dismissed.                     Dismissed.