N. M. STREET et al. v. D. W. Q. ANDREWS.

*Action for Damages—Obstruction Causing Overflow of Land— Counterclaim—Irrelevant Testimony—Deposition.*

1. Where, in an action for damages caused by the ponding of water on plaintiff's land by obstruction placed by defendant on his own land, on or near the dividing line, the defendant pleaded as a counterclaim damages caused by the overflow of water on his land by reason of obstructions placed by the plaintiff on the lower edge of her land: *Held*, that the torts were separate and distinct, and that complained of by the defendant did not "arise out of the transaction set forth in the complaint," nor was it "connected with the subject-matter of the action," and hence was properly disallowed as a counterclaim.

2. The rejection of irrelevant testimony, unless its exclusion can be seen to prejudice the party objecting, is not ground for a new trial.

3. It is not error to exclude testimony tending to support a counterclaim which is ruled out as improperly interposed, when it could have no bearing upon the cause of action stated in the complaint.

4. Where it appears from the return of a deposition that it was taken on the day, at the time, and by the person designated, it will be presumed, in the absence of evidence to the contrary, that all things were done rightly, and that it was taken between the hours appointed for taking the same.

5. An objection to a deposition that the answers were on a separate sheet attached to interrogatories, but not inserted at the end of each interrogatory (the whole, however, being above the signature of the commissioner), is untenable.

115—27

CIVIL ACTION, for the recovery of damages for injury to plaintiffs' land caused by the ponding of water thereon, tried before *Armfield, J.,* and a jury, at Special Term, 1894, of RUTHERFORD Superior Court.

The complaint, after alleging the ownership of a tract of land adjoining that of defendant, alleged—

" 3. That there are a number of acres of bottom land in said tract above described, and a branch runs through the bottom lands of plaintiffs and then through the lands of the defendant, which branch the defendant has filled up with brush, at or near the line between plaintiffs and defendant, and by so filling up said branch with brush and other things calculated to pond back said branch on to the plaintiffs' land, and stop the flow of said branch, the defendant has wrongfully, unlawfully and wilfully ponded back the water on the lands of the plaintiffs, sobbing and wetting the same to such an extent as to render large parts of plaintiffs' bottom lands entirely useless and unfit for cultivation.

" 4. That by said wrongful act of defendant the plaintiffs have been greatly damaged, to-wit, to the amount of one thousand dollars.

" Wherefore, plaintiffs pray judgment for one thousand dollars damages," etc.

The defendant admitted the ownership of the land by plaintiffs, but denied the allegations in third and fourth paragraphs of complaint, and for further answer alleged as follows:

" 1. That he is greatly damaged by the wrongful acts and conduct of plaintiffs by obstructing the branch just above defendant's land so as to divert the water from the channel of the branch and throw same on lands of defendant, until a considerable portion of defendant's land is so sodden and damaged as to render it unproductive and almost worthless. And by such wrongful act of plaintiffs defendant is damaged in the sum of $300.

" 2. That plaintiffs, after repeated offers from defendant to assist in opening and cutting a canal through plaintiffs' own land to the river, which would dry plaintiff's own land, and also save defendant's, refuses to allow said canal opened through their lands.

" 3. That defendant's damages are increasing annually from said wrongful conduct of plaintiffs, and defendant can do nothing on his own land to arrest the damages in the way of ditching or otherwise.

" Wherefore, defendant demands judgment against the plaintiffs for damages in the sum of $300 and costs."

On the trial the Court ruled out the counterclaim of defendant. Defendant objected. Objection overruled. Defendant excepted.

After objection by the defendant, which was overruled by the Court, the plaintiff N. M. Street testified, among other things, that " my son Perry is fifteen years old, and the other plaintiffs are all younger; the youngest is six years old; there are six of them in all."

The defendant offered evidence showing the damaged condition and extent of the damage to his own lands immediately below the injured lands of plaintiff as tending to prove his innocence of obstructing the stream. This was ruled out by the Court. Defendant objected. Objection overruled, and defendant excepted.

The defendant offered in evidence the deposition of A. B. Long, Sr., of which the commission, notice and report of the Commissioner are as follows:

" *The State of North Carolina to M. Edney*—GREETING:

" We, reposing special trust and confidence in your integrity, do authorize and empower you to cause A. B. Long to appear before you at such time and place as you may appoint, and him upon oath to examine touching all such matters and things as he shall know of and concerning a certain matter of controversy in our Superior Court for the county

of Rutherford pending, wherein N. M. Street and others are plaintiffs, and D. W. Q. Andrews is defendant. And the deposition in writing by you so taken the same to transmit, sealed with your seal, to our Superior Court, to be held for said county on the 1st day of February, 1894.

"Witness: J. F. Flack, Clerk of said Court, at office in Rutherfordton, on the 25th day of January, 1894.

"J. F. FLACK,
" *Clerk of the Superior Court.*"

Service of notice to take the deposition was accepted by the plaintiff.

The return was as follows:

"Pursuant to the annexed commission to me directed, I, B. M. Edney, commissioned under the authority thereof, on the 30th day of January, 1894, at the residence of A. B. Long, Sr., in Logan's Store Township, in Rutherford County, N. C., defendant D. W. Q. Andrews present, plaintiff N. M. Street absent, proceeded to take the deposition of A. B. Long, Sr., who, being first duly sworn on the Holy Evangelist to speak the truth, the whole truth and nothing but the truth between the parties named in the said commission, deposes as follows:

"The foregoing deposition of A. B. Long, Sr., was sworn to and subscribed before me at the time and place mentioned in the caption.              B. M. EDNEY,

" *Commissioner.*"

The deposition related to the nature of the respective obstructions and to the damage caused to the lands of the plaintiff and defendant respectively.

The deposition was ruled .out by the Court. The defendant objected. Objection overruled, and defendant excepted.

The defendant tendered the following instructions to be given the jury:

"1. The plaintiffs were under legal obligations to keep the channel of the branch on their lands in such condition that the water might have easy and natural flow, and if they failed to keep the channel in such condition, then they cannot recover.

"2. If plaintiffs failed to exercise reasonable care in keeping the channel of the branch on their lands properly cleaned out, so as to give the waters a free and natural flow, and such failure, together with the same want of care on part of defendant produced the damage, then the plaintiffs cannot recover.

"3. The burden is upon the plaintiffs to show that no act or failure to exercise due care on their part contributed to their injury.

"4. If the jury find that the outlet for the branches thirty-five years ago was on the lands of plaintiffs, and since that time has passed through lands of defendant at different points, but through no one channel for the period of twenty years, then the plaintiffs have acquired no easement over defendant's land.

"5. The defendant is not required to keep the ditch clear of sand and other obstructions, so that the water running through it from plaintiffs land may have an unimpeded flow, though the plaintiffs' have the right, if they have acquired an easement therein, to enter the lands of defendant and keep the ditch opened and unobstructed, yet the defendant has not the right to purposely obstruct the water on the lands of the plaintiffs, if such easement has been acquired by plaintiffs.

"6. Though the plaintiffs have acquired an easement over the lands of defendant, the defendant still has the right to direct the course of the water through his own land if he will provide a ditch of capacity equal to that through which the water ran when the plaintiffs acquired such easement."

The Court declined to give instructions Nos. 1, 2, 3 and 4 (defendant objected), and gave the other instructions asked for by defendant. The Court in its charge told the jury that plaintiffs were not entitled to recover unless they had satisfied them by the evidence that for more than twenty years before the bringing of the suit the branch had continually flowed plaintiffs' land and entered defendant's land at the point of the alleged obstructions, and that the defendant wilfully, and not negligently, put obstructions in the branch and thereby overflowed and damaged plaintiffs' land as alleged.

There was a verdict for plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. McBrayer & Durham,* for defendant (appellant).
No counsel, *contra.*

CLARK, J.: The cause of action alleged was an obstruction placed by the defendant on the upper edge of his land, preventing the free flow of water from the land of plaintiffs just above and ponding it back. The counterclaim attempted to be set up was that the plaintiff had placed an obstruction on the lower edge of his own land, thus diverting water which was thrown upon and water-sobbed defendant's land. These were two separate and distinct torts. The latter did not " arise out of the transaction set forth in the complaint," nor was it " connected with the subject of the action." *The Code,* § 244 (1). It was the subject for an independent action, and was properly disallowed as a counterclaim. *Bazemore* v. *Bridgers,* 105 N. C., 191.

The testimony as to the ages of the minor plaintiffs was, at most, irrelevant, and as such it is not ground for a new trial, unless it could be seen to have prejudiced the side objecting. It was harmless error. *Glover* v. *Flowers,* 101 N. C., 134; *Livingston* v. *Dunlap,* 99 N. C., 268; *McGowan* v. *Railroad,* 95 N. C., 417; Clark's Code, 2d Ed., p. 586.

The counterclaim having been properly ruled out, it was not error to reject the evidence offered to show the water-sobbed condition of defendant's land. This evidence could have no bearing upon the allegation of damage to plaintiffs' land.

The deposition was improperly excluded. The return showed that it was taken by the commissioner on the day and at the place mentioned in the notice. There was no evidence offered that it was not taken between the hours mentioned in the notice, and there is no presumption that it was not. It appearing that it was taken on the day, at the place, and by the person designated, the presumption, in the absence of evidence to the contrary, is that all things were done rightly. *Gregg* v. *Mallett,* 111 N. C., 76. Where it appears that the deposition was taken on the day named, the presumption, in the absence of evidence to the contrary, is that it was taken between the hours named. *Dearman* v. *Dearman,* 5 Ala., 202. If the answers were on a separate sheet attached to interrogatories, but not inserted at the end of each interrogatory, the whole, however, being above the signature of the commissioner, it does not so appear in the record sent here, which must govern us. But if that were so, and was one of the reasons why the deposition was rejected, such rejection was without force and should have been disallowed. *Downs* v. *Hawley,* 112 Mass., 237. Since there must be a new trial for the rejection of the deposition, it is unnecessary to consider the exceptions to the charge and for refusal of prayers for instructions, as a somewhat different state of facts may be presented on the next trial.

New Trial.