FIDELITY TRUST COMPANY v. C. F. ELLEN ET ALS.

(Filed 10 September, 1913.)

1. Bills and Notes—Fraud—Evidence—Holder in Due Course—Burden of Proof.

When there is allegation and evidence that a negotiable note sued on was obtained by fraud, it is not error to refuse plaintiff's special request for instruction that he is presumed to be the holder in due course without notice of any equities or defenses existing between the original parties, for the burden of proof is then on him.

2. Appeal and Error—Instructions—Harmless Error.

Where in a plaintiff's appeal it appears that the trial judge erroneously instructed the jury against the rights of the defendant upon the evidence, no error prejudicial to the appellant has been committed, and the jury having accepted the defendant's version, the verdict will stand.

**3. Appeal and Error—Motions—Verdict Set Aside—Court's Discretion.**

> A motion to set aside a verdict as being against the weight of the evidence is in the discretion of the trial judge, and from his refusal there is no appeal.

APPEAL by plaintiff from *Justice, J.,* at November Term, 1912, of NASH.

*J. B. Ramsey and E. B. Grantham for plaintiff.*
*Bunn & Spruill, T. T. Thorne, and Jacob Battle for defendants.*

CLARK, C. J. This is one of the numerous actions upon notes given to McLaughlin Brothers' for the purchase of an "imported French coach horse," of which so many others are to be found in the Reports of this State and also in those of other States. Attention is called to this in *Winter v. Nobs,* 19 Idaho, at page 28. Only one issue was submitted, "Are the defendants indebted to the plaintiff, and if so, in what amount?" The plaintiff did not tender any issues, nor except to this issue for failure to submit other issues.

There were exceptions to evidence, but they do not require consideration, and indeed were not argued here. The plaintiff requested the court to charge that there was no evidence that the note was procured by fraud, and if there was any, none that the plaintiff had notice of such fraud. These were properly refused upon the evidence.

The plaintiff further requested the court to charge that the action being upon a negotiable instrument, he is presumed to be the holder thereof in due course, without notice of any equities or defenses of the defendants. This the court properly refused to give. There was allegation and proof tending to show that the execution of the note was procured by fraud, and hence the burden was thrown upon the plaintiff to show that it was a holder in due course, the credibility of the evidence being for the jury. *Manufacturing Co. v. Summers,* 143 N. C., 102; *Bank v Fountain,* 148 N. C., 590; *Park v Exum,* 156 N. C., 231; *Bank v. Walser,* 162 N. C., 63; Pell's Revisal, sec. 2208.

LUMBER CO. *v.* WHITLEY.

The plaintiff further requested the court to charge the jury, "If you find the facts to be as testified to by all the witnesses, you will answer the issue as to the plaintiff being a *bona fide* holder for value and without notice in favor of the plaintiff." This instruction the court could not give upon the evidence. The court, however, did instruct the jury as follows: · "The court instructs you, gentlemen, that if you believe all the evidence and find the facts to be as testified by the witnesses, you should answer the issue 'Yes; the amount of the note and interest after deducting the credits.' Otherwise, you should answer the issue 'Nothing.'" The jury answered the issue "No." Whatever objections the defendants might have raised to this charge need not be considered. It is the plaintiff who appeals, and we do not see how this Court can help him. The jury evidently did not believe the testimony upon which the plaintiff relied, and of its credibility the jury were the sole judges. The presiding judge had the power, and it was his duty, if he thought the interest of justice required it, to set aside the verdict because "against the weight of the evidence." He did not do so, and it is not in the power of this Court to review his action in that respect. *Brink v. Black,* 74 N. C. 329; *Edwards v. Phifer,* 120, N. C. 405, citing many cases, and citations to latter case in Anno. Ed.

No error.