"1. Is the defendant, Wood Horton, estopped by the record in Wilkes Superior Court from claiming title to the 95-acre tract described in the complaint? Answer: `Yes.'
"2. Are the defendants, Wood Horton and Larkin Horton, estopped from claiming title to the 95-acre tract by reason of their representation and conduct? Answer: `Yes.'
"3. Are the plaintiffs owners of the 95-acre tract described in the complaint, or any part thereof? If so, what part? Answer: `All.'
"4. Have the defendants trespassed upon the 95-acre tract? Answer: `Yes.'
"If so, what damages have plaintiffs sustained by reason of the said trespass? Answer: `One cent.'
"6. Did the plaintiff trespass upon any lands belonging to the defendants embraced in the 95-acre tract and cut and remove timber therefrom? Answer: `No.'
"7. If so, what damages has the defendant sustained by reason of said trespass? Answer: `Nothing.'"
From judgment rendered the defendants appealed.
It is admitted that David E. Horton, prior to 12 October, 1866, owned all the lands in controversy in fee simple. On said date he Executed a deed to David L. Horton, containing the following clause:
"To the said party of the first part for the term of their natural lives, and the life of the survivor, remainder, after (550) the death of the survivor, to the use of the party of the second part, for the term of his natural life, and from and after termination of his estate, then to all his children born or to be born, and their heirs forever."
David L. Horton died about five years ago, having had seven children born to him, to wit: J. W. Horton, called Wood Horton; *Page 590 
Charlie and Larkin Horton (these three are defendants in this action), Julia, Mary Lou (yet living), Tillman, and Sallie, who are now dead.
Prior to the death of David L. Horton, and on 22 September, 1902, he, together with his brothers and sisters who were then living, together with the children of a dead sister, and his son, Wood Horton (J. W. Horton in the petition), and G. W. Bradley, filed a petition in the Superior Court of Wilkes County asking for a sale for partition of certain lands lying in Wilkes and Caldwell counties, including the lands described in the complaint, designated in the petition as the first tract. The petition set forth the interests of each party in said lands, and embraced the tract of land containing 95 acres, more or less, described in the complaint. The petition set forth the interest of Wood Horton and G. W. Bradley as one-twenty each of the fifth tract bought from David L. Horton, which fifth tract is not connected with this action, but the defendant, Wood Horton, although a party to the said special proceedings, did not then contest the title to the said 95 acres described in the petition and being the land in controversy.
The land was purchased by plaintiff and T. B. Finley and F. B. Hendren, the commissioners appointed to sell the land, were directed to execute a deed therefor to the plaintiff.
The defendants excepted to the ruling of the court that the deed from David E. Horton to David L. Horton conveyed an estate in fee. If that ruling is correct, then the plaintiffs would be entitled to recover the whole of the land described in the complaint, and the finding of the jury under the third issue as instructed by the court would be correct.
We are of opinion, however, that under the decisions of this Court, the rule in Shelley's case does not apply, and that David L. Horton took only a life estate with the remainder to his children. In the clause in the deed the intent of the grantor, we think, is plainly manifest; after reserving a life estate, to convey the land to David L. Horton for the term of his natural life, and then in specific language, after the termination of the life estate, then to all of David L. Horton's children, born or to be born, and their heirs forever. It is plain that the word "children" is not used in the sense of heirs. Jones v. Whichard, 163 N.C. 243; Powell v. Powell,168 N.C. 561; Williams v. Williams, 175 N.C. 163.
While the trend of the courts indicate an undoubted (551) tendency of the judicial mind to follow the intention of the grantor, and whenever he means to limit an estate to the heirs of the life tenant an estate of inheritance will vest in the *Page 591 
tenant for life, but that intention must be manifest that he intended to convey an estate which would vest in the grantee's heirs. In the deed under consideration the intention is manifested in express words to limit the estate of the grantee to the term of his natural life, and then to convey the property in fee to all the children born, or thereafter to be born.
We think, however, that his Honor's ruling is correct that the defendant, Wood Horton, is estopped by the record of the special proceeding in Wilkes Superior Court from claiming title to the 95-acre tract described in the complaint.
It is true, as claimed by the defendant, that the petition sets forth the interest of each party in the lands described therein, and alleged the interest of Wood Horton to be one-twelfth of the fifth tract of land bought from David L. Horton, which tract is not in controversy in this action. But Wood Horton was a party to that proceeding, and had an opportunity to assert his title to the lands described in the petition, and especially to the 95 acres now in controversy. He made no claim to it and it was put up and sold under the judgment of the court, and Wood Horton is bound by it.Weston v. Lumber Co., 162 N.C. 180; 169 N.C. 398; Propst v. Caldwell,172 N.C. 596. The defendants excepted to the submission of the second issue and the ruling of the court thereon. This relates to the estoppel in pais
pleaded against the defendants, Wood Horton and Larkin Horton.
The petition in the special proceeding under which the lands claimed by the plaintiff were sold, asked for the appointment of a surveyor to survey and locate the lands, the survey was made and the lands located as sold to the plaintiff. Larkin Horton was one of the chain bearers when this land was surveyed and located under the special proceedings, and the cost of the survey, including the amount due him as chain bearer, was paid out of the sale of the lands.
The witness, T.H. Broyhill, testified that these two defendants showed him around the lands and pointed out the lines from papers and grants they had at the time, and as the lands so pointed out were the lands claimed by the plaintiff, and in pursuance of what they said to him he bought it. In his charge on this issue his Honor simply stated the contentions of the parties and defined an estoppel of this kind, and left it to the jury to find the fact and answer the issue accordingly. They answered the issue in favor of the plaintiff. The defendants excepted to the ruling of the court upon the sufficiency of the deed from Finley and Hendren, commissioners. It appears that T. B. Finley and F. B. Hendren sold the land in controversy to the plaintiffs at public sale, which was (552) duly confirmed, and executed a deed therefor in the name *Page 592 
of Finley and Hendren, commissioners, which was first recorded in 1906, and again in 1918, prior to the trial. The defendant's exception relates to the 1906 probate and registration, which, if defective, was cured, we think, by the 1918 probate and registration, to which no objection is made and no exception taken, except as to the names of Finley and Hendren.
The probate to the deed is as follows:
North Carolina — Wilkes County.
I, C.H. Somers, clerk of the Superior Court of Wilkes County, North Carolina, do hereby certify that T. B. Finley and F. B. Hendren, attorneys at law, practicing under the firm name and style of "Finley Hendren," being the same persons by whom the foregoing deed was executed, as commissioners, personally appeared before me this day and acknowledged the due execution by them of the foregoing deed as such commissioners. And I do further certify that I was clerk of the Superior Court on 15 May, 1906, and prior thereto, and do here now find as a fact that the said T. B. Finley and F. B. Hendren were the identical persons appointed by me as commissioners in the special proceeding referred to in the said foregoing deed. Let the instrument and certificate be registered.
Witness my hand and official seal of office, this 28 November, A.D. 1918. C.H. SOMERS, Clerk Superior Court, Wilkes County.
The report of the sale is made in the name of and by Finley Hendren, commissioners. The final decree states that, "this matter coming on to be heard upon the report of Finley Hendren, commissioners, appointed to sell lands described in the petition, it is ordered that the said commissioners make and deliver a deed to Hutton Bourbonnais for said lands."
A seal in behalf of the commissioners is attached to the original deed.
We think the identity of the commissioners executing the deed as T. B. Finley and F. B. Hendren, who were appointed as such, is fully established by the evidence introduced on the trial, as well as by the certificate of the clerk on the second registration of the deed. In any view of the matter, this deed, taken in connection with the special proceeding record, conveys to the plaintiff such an equitable title as would enable it to maintain an action for the land. Institute v. Norwood, 45 N.C. 65; Simmonsv. Allison, 118 N.C. 763; Daniels v. R. R., 158 N.C. 427.
The exception to the issue cannot be sustained.
The issues submitted afforded the defendants the opportunity (553) to have the jury pass upon any claim they might have to any portion of the land claimed by plaintiff, as well *Page 593 
as the opportunity of having the jury assess any damages for any trespass that the plaintiff might have unlawfully made on said land. Kirk v. R. R.,97 N.C. 82; McAdoo v. R. R., 105 N.C. 140; Paper Co. v. Chronicle,115 N.C. 147.
The defendants, in their answer under the head of new matter, and by way of counterclaim, attempted to set up a claim for damages for an alleged trespass at different times on lands outside of the 95 acres claimed by plaintiff, which counterclaim, on objection by plaintiff, was excluded by the court from the consideration of the jury on the ground that it did not arise out of the case of action on which the plaintiff based its action, and on account of the fact that there was no sufficient evidence to establish such a claim.
There was no evidence of the cutting of timber on any lands except those in dispute, but if there was a trespass on other lands, that would not be a cause of action arising out of the transaction that is the subject of the complaint. The plaintiff's action was to try title to a 95-acre tract described in the complaint. The trespass, if any, that the plaintiff committed on other lands, not in controversy, claimed by defendants, had no connection with the title to the lands put in issue in the complaint. This matter was not connected in any way with the cause of action set out in the complaint, and the demurrer was properly sustained. Bazemore v. Bridges,105 N.C. 191; Smith v. Young, 109 N.C. 224; Street v. Andrews, 115 N.C. 417.
Upon a careful review of the entire record, we find no error committed as to the defendants Wood Horton and Larkin Horton. As to the defendant Charlie Horton, who was not a party to the special proceeding, and is not estopped in any way so far as the record discloses, we think the plaintiff failed to make out title as to him. The action is dismissed as to Charlie Horton and Robert Welch, who will recover their costs against plaintiff in the Supreme and Superior Courts. As to Wood Horton and Larkin Horton, the judgment is
Modified and affirmed.
Cited: Hutton v. Hutton, 180 N.C. 674; Trust Co. v. Wyatt, 191 N.C. 136;Whitson v. Barnett, 237 N.C. 485; Griffin v. Springer, 244 N.C. 101;Wright v. Vaden, 266 N.C. 303. *Page 594 
(554)