W. H. HANCAMMON, JR., AND J. W. LOUGHLIN, CO-PARTNERS, TRADING AS CAROLINA CAMERA, v. E. W. CARR, TRADING AS "SHOEMAKERS."

(Filed 5 May, 1948.)

**1. Bills and Notes § 31: Pleadings § 31—**

In an action on a note, answer alleging want of consideration, fraud in the procurement, and notice to plaintiffs, holders, of the defects in the instrument at the time it was acquired by them, *held* improperly stricken on plaintiffs' motion.

**2. Bills and Notes §§ 29, 32—**

Upon proof of fraud in the inception of the contract, the burden shifts to the holder of a negotiable instrument to show that he is a holder in due course for value and without notice of the infirmity.

**3. Pleadings § 10—**

The purpose and intent of G. S., 1-123 (1), relating to causes which may be joined, and G. S., 1-137 (1), relating to causes which may be pleaded as counterclaims, are substantially the same, *i.e.*, to permit the trial in one action of all causes of action arising out of one contract or transaction connected with the same subject of action, and therefore decisions on one of the statutes is authority on the other.

**4. Same—**

Under G. S., 1-137 (1), a cause of action *ex delicto* may be pleaded as a counterclaim to an action *ex contractu* provided it arises out of the same transaction or is connected with the same subject of action.

**5. Same—**

While a cause of action may be pleaded as a counterclaim if it arises out of the transaction or series of transactions constituting the basis of

the cause alleged in the complaint, it is necessary that there be but one subject of controversy and that the counterclaim be so related to plaintiffs' claim that adjustment of both is necessary to a full and final determination of the controversy, and mere historical sequence or the fact that a connected story may be told of the whole, is not alone sufficient.

**6. Same—**

A cause of action in tort may be pleaded as a counterclaim to an action on contract only if it rests upon some wrong or breach of duty committed by plaintiffs in making or performing the contract.

**7. Same—**

Plaintiffs cashed a check for the payee upon his endorsement and gave the payee in exchange merchandise and money. The maker of the check stopped payment on it, and plaintiffs procured a warrant charging the maker with issuing a worthless check. The prosecution was *nol prossed* on appeal from the recorder's court. Plaintiffs then instituted this action to recover on the check. *Held:* Defendant maker is not entitled to set up a cross action for abuse of process.

APPEAL by plaintiffs from *Carr, J.,* December Term, 1947, NEW HANOVER.

Civil action to recover on a dishonored check, heard on motion to strike the answer and demurrer to the cross action pleaded by defendant.

On 5 July 1947, defendant executed and delivered to one Malcolm E. Thomas a check for $377.13, drawn on Peoples Savings Bank & Trust Company. Thomas purchased certain merchandise from plaintiffs and tendered said check in payment. Plaintiffs accepted the check duly endorsed and payed Thomas the difference in cash. The check was returned by the bank endorsed "PAYMENT STOPPED." Thereupon, plaintiffs procured a warrant against the defendant, charging him with the violation of our worthless check statute. On the trial in the county recorder's court he was convicted and appealed. When the cause came on for hearing in the Superior Court, a *nol-pros* was entered. Plaintiffs instituted this action to recover the amount paid on said check. Defendant, in his answer, sets up and pleads a cross action for damages for abuse of process in prosecuting the criminal action against the defendant on the charge of uttering a worthless check in violation of the provisions of G. S., 14-106.

Plaintiffs, after notice to defendant, appeared and moved to strike the answer of defendant and for judgment upon the complaint "as if no answer had been filed" for that the answer is sham and irrelevant and presents no defense to the matters and things alleged in the complaint. They likewise demurred to the cross action pleaded by defendant for that the cause of action therein alleged is not properly pleadable in this action and in any event states no cause of action.

When the cause came on to be heard on the motion and demurrer, the court below, in separate orders, denied the motion and overruled the demurrer. The plaintiffs excepted to each order and appealed.

*G. C. McIntire* for plaintiff appellants.
*E. L. Yow and Poisson, Campbell & Marshall* for defendant appellee.

BARNHILL, J. The defendant, in his answer, denies the debt, pleads want of consideration, fraud in the procurement, and notice to plaintiffs of the defects in the check at the time it was acquired by them. These allegations are sufficient to repel the motion to strike the answer. Whether defendant may be able to offer competent evidence in support thereof is another matter.

Upon proof of fraud in the inception of the contract, the burden shifts to the holder of a negotiable instrument to show that he is a holder in due course for value and without notice of the infirmity. G. S. 25-65; *Discount Co. v. Baker,* 176 N. C., 546; *Wise v. Texas Co.,* 166 N. C., 610, 82 S. E., 974; *Dennison v. Spivey,* 180 N. C., 220, 104 S. E., 370; Anno. 18 A. L. R., 25.

The language of G. S. 1-123 (1), relating to causes which may be joined in the same action, and G. S. 1-137 (1), defining causes of action which may be pleaded as counterclaims, is substantially the same. The purpose and intent of each is to permit the trial in one action of all causes of action arising out of any one contract or transaction.

Whether joined in the complaint with another cause of action or pleaded as a cross action, the claim must arise out of the contract or transaction sued upon by plaintiff or it must be connected with the same subject of action. Hence, decision on the one is authority on the other.

Prior to the enactment of the statute, a cause of action in tort was not pleadable as a counterclaim to an action on contract. This is now permitted by the language of G. S. 1-137 (1). But even now an action *ex delicto* may be pleaded as a counterclaim to an action *ex contractu* only in the event it arose out of the same transaction or is connected with the same subject of action.

As the purpose of the two sections (G. S. 1-123 (1), G. S. 1-137 (1)) is to authorize the litigation of all questions arising out of any one transaction, or series of transactions concerning the same subject matter, in one and the same action, and not to permit multifariousness, it must appear that there is but one subject of controversy. McIntosh, P. & P., 491; *Street v. Andrews,* 115 N. C., 417; *McKinnon v. Morrison,* 104 N. C., 354; *Bitting v. Thaxton,* 72 N. C., 541; *Walsh v. Hall,* 66 N. C., 233; *Wilson v. Hughes,* 94 N. C., 182; *Smith v. Building & Loan Assn.,* 119 N. C., 257; *Branch v. Chappell,* 119 N. C., 81; *Bazemore v. Bridgers,*

HANCAMMON v. CARR.

105 N. C., 191; *Smith v. French,* 141 N. C., 1; *Smith v. Smith,* 225 N. C., 189, 34 S. E. (2d), 148; *Pressley v. Tea Co.,* 226 N. C., 518, 39 S. E. (2d), 382.

While the statute is designed "to enable parties litigant to settle well-nigh any and every phase of a given controversy in one and the same action," *Smith v. French, supra; Sewing Machine Co. v. Burger,* 181 N. C., 241, 107 S. E., 14, that a connected story may be told is not alone sufficient. *Pressley v. Tea Co., supra.* Nor is mere historical sequence— "one thing led to another" order of occurrences—all that is required. *Finance Corp. v. Lane,* 221 N. C., 189, 19 S. E. (2d), 849; *Weiner v. Style Shop,* 210 N. C., 705, 188 S. E., 331; *Milling Co. v. Finlay,* 110 N. C., 411; *Thompson v. Buchanan,* 195 N. C., 155, 141 S. E., 580; *Hoyle v. Carter,* 215 N. C., 90, 1 S. E. (2d), 93.

The cross action must have such relation to the plaintiffs' claim that the adjustment of both is necessary to a full and final determination of the controversy. *Schnepp v. Richardson,* 222 N. C., 228, 22 S. E. (2d), 555. This means that it must be so interwoven in plaintiffs' cause of action that a full and complete story as to the one cannot be told without relating the essential facts as to the other.

"The 'subject of the action' means, in this connection, the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had." To be connected with the subject of action "the connection of the case asserted in the counterclaim and the subject of the action must be immediate and direct, and presumably contemplated by the parties." Phillips, Code Pleading, 2d ed., sec. 377, p. 423.

"In respect to the phrase 'connected with' the subject of the action, one rule may be regarded as settled by the decisions, and it is recommended by its good sense, and its convenience in practice. The connection must be immediate and direct. A remote, uncertain, partial connection is not enough to satisfy the requirements of the statute . . . the connection must be such that the parties could be supposed to have foreseen and contemplated it in their mutual acts; in other words, that the parties must be assumed to have had this connection and its consequences in view when they dealt with each other." Pomeroy, Code Remedies, 5th ed., sec. 652, p. 1059, sec. 670, p. 1085; *Schnepp v. Richardson, supra; Johnson v. Smith,* 215 N. C., 322, 1 S. E. (2d), 834; *Le Clare v. Thibault,* 69 P., 552; *Lamming v. Galusha,* 31 N. E., 1024; *Ins. Co. v. R. Co.,* 109 A., 743; *Thresher Co. v. Klein,* 133 N. W., 51; *Bush v. Froelick,* 66 N. W., 939.

If, in an action on contract, the cross action is cast in tort, it must rest upon some wrong or breach of duty committed by plaintiff in the

HANCAMMON *v.* CARR.

making or performance of the contract which is the grounds of the cause of action stated in the complaint. That is, it must rest upon some obligation of the contract upon which plaintiff sues or upon some breach of duty resting upon him by virtue of the transaction which is the grounds of his action.

The uttering of a check, payment of which was refused by the bank on which it was drawn, is the gist of plaintiffs' action. The subsequent alleged wrongful abuse of criminal process is the taproot of defendant's counterclaim. Plaintiffs were not parties to the transaction which is the subject of their action. They are entitled to sue merely because they acquired the check in the course of trade. Nor was Thomas, a principal in the check transaction, a party to the alleged abuse of process which occurred after plaintiffs' cause of action accrued. Hence there is no mutuality of parties or subject matter. *Hoyle v. Carter, supra.*

While there is a casual relation between the two incidents or "transactions," there is no causal or interdependent connection. They are not so connected that the circumstances surrounding both must be detailed in order to tell a complete story as to either. Recital of the facts on which plaintiffs' cause of action rests does not require or permit the inclusion of those forming the basis of defendant's cross action. Instead, his claim begins where theirs ends. *Pressley v. Tea Co., supra.*

While the check is involved in both, they constitute two separate and distinct transactions. The collection of the debt evidenced by the check is merely the alleged motive for the commission of the tort, *Price v. Furniture Co.,* 152 N. E., 301, which gave rise to a distinct and independent cause of action not pleadable as a counterclaim in this suit. *R. R. v. Nichols,* 187 N. C., 153, 120 S. E., 819; *Street v. Andrews, supra; Bazemore v. Bridgers, supra.*

*Damron v. Sowards,* 261 S. W., 1093, is directly in point. There the action was for merchandise sold and delivered. The cross action was for damages growing out of an attachment proceeding wrongfully prosecuted by plaintiff for the purpose of collecting his debt. The Court said: "It (the counterclaim) did not arise out of the contract or transaction stated in the petition as a foundation of plaintiffs' claim. It was not connected in any way with the subject of the action. It did not affect, nor was it affected by, the original cause of action. On the contrary, it arose long after the occurrence of the transaction by which the original debt was created, and was based entirely upon subsequent wrongs alleged to have been committed by the plaintiff in the enforcement of the collection of the debt." *Conner v. Winton,* 7 Ind., 523; *International Harvester Co. v. Nelson,* 231 N. W., 938; *People v. Dennison,* 84 N. Y., 272; *Konick v. Champneys,* 183 P., 75, 6 A. L. R., 459; *Pacific Express Co. v. Malin & Colvin,* 132 U. S., 531, 33 L. Ed., 450.

McCoy v. R. R.

As plaintiffs win on their appeal from one order and lose on the other, the costs will be divided.

The order denying the motion to strike the answer is
Affirmed.

The order overruling the demurrer is
Reversed.