## L. LIPINSKY v. CAROLINE E. REVELL.

(Filed 23 December, 1914.)

1. **Married Women—Executory Contracts—Necessaries—Husband and Wife —Interpretation of Statutes.**

   A married woman, since the ratification of the Martin act, Public Laws 1911, p. 109, may bind herself by an executory contract, for the purchase of goods, inclusive of necessaries, and she may deal and contract without her husband's consent as freely as if she were unmarried, except in dealing with her husband under Revisal, sec. 2107, and in the conveyance of her real estate.

2. **Married Women—Executory Contracts—Joinder of Husband—Parties— Counterclaim of Husband.**

   Where a married woman is sued alone upon her executory contract, and her husband is permitted to file answer, it is not error for the court to order that the answer of the husband be stricken out, for he is not a necessary party; and he cannot acquire any rights in setting up a counterclaim against the plaintiff who demands judgment solely against the wife.

3. **Evidence—Goods Sold and Delivered—Verified Account.**

   A verified account in due form of goods sold makes out a *prima facie* case of the amount due, etc., under Revisal, sec. 1625.

APPEAL by defendant and her husband from *Connor, J.,* at April Term, 1914, of BUNCOMBE.

This is a civil action. From a judgment in favor of the plaintiff against the *feme* defendant, Caroline, she and her husband, O. D. Revell, appeal.

*Mark W. Brown for the plaintiff.*
*Lee & Ford for the defendants.*

BROWN, J.   This is an action to recover of the *feme* defendant $247.30 for merchandise sold and delivered to her.   On the trial the plaintiff introduced verified account in evidence under Revisal, sec. 1625.   We think the verification in due form and sufficient to make out a *prima facie* case.   *Knight v. Taylor,* 131 N. C., 84.

The *feme* defendant in her answer denies that she is indebted to the plaintiff, admits the receipt of some of the goods charged against her, and admits that she has paid no part of said account, and avers that the goods so purchased by herself from the plaintiff were for necessaries, and that her husband, and not herself, is liable therefor.

The plaintiff offered evidence tending to establish his cause of action against the *feme* defendant.   The defendants offered no evidence, but were permitted to put the plaintiff on the stand and cross-examine him.

The court charged the jury as follows: "If you are satisfied from the greater weight of the evidence in this case that the plaintiff S. Lipinsky sold and delivered to the defendant Mrs. Caroline E. Revell articles of merchandise as set out in this statement of account; that at the time said sales were made she promised and agreed to pay the prices shown on this account; that she has not paid them, then you should answer the issue '$247.30, with interest.'   If you are not so satisfied, you will answer the issue 'Nothing,' " to which charge defendants except.

We find no error in this instruction.   This debt was contracted in 1912, since the ratification of the Martin act, page 109, Public Laws 1911. That act completely emancipates the *feme covert.*   Now she may deal and contract without her husband's consent as freely as if she was unmarried, except in dealing with her husband under Revisal, sec. 2107, and in the conveyance of her real estate.

It is true, the husband is liable for the support of his family, and may yet be subjected to the payment, under proper circumstances, for necessaries.   *Berry v. Henderson,* 102 N. C., 528; *Farthing v. Shields,* 106 N. C., 296.   But now the wife may purchase not only necessaries, but other articles, in her own name and on her own credit, and the creditor may recover of her for them without making the husband party defendant.   This case was properly tried on that theory, and in any view of the evidence, if believed, the *feme* defendant is liable for the debt. The plaintiff made no claim against the husband and asked no judgment against him.

The husband was not a necessary or even a proper party to this action, and consequently was not made a party.   But at February Term, 1914, he was allowed to file answer.   The answer was not filed until 8 April, 1914, beyond the time allowed.   This answer undertook to plead a counterclaim in favor of the husband exclusively against the plaintiff.

At April Term, 1914, his Honor made this order: "This cause coming on to be heard upon motion of the plaintiff to strike out the answer filed by O. D. Revell in this action, and it appearing that the said O. D. Revell was made a party defendant on account of sections 408 and 2103 of the Revisal of 1905, and that the plaintiff demands no relief against the said O. D. Revell: It is ordered that the answer of the said O. D. Revell be stricken out."

To the foregoing order the defendants excepted.

It is not clear to us how the defendant's husband is in any way injured by the ruling of the court. His answer only sets up a counterclaim to a claim for which he is admitted by the plaintiff not to be liable, and no judgment has been taken against him. The plaintiff alleges no cause of action against the husband, and how can he counterclaim against the plaintiff, when the plaintiff claims nothing of him?

It is admitted that the plaintiff is abundantly solvent and the courts are open to him to bring his suit against the plaintiff whenever he will.

The costs of this Court will be taxed against both appellants.

No error.