ANNIE CLEMMONS v. MALISSA JACKSON ET AL.

(Filed 19 April, 1922.)

1. **Trespass—Damages—Equity—Cloud on Title—Actions—Costs—Trials.**

In an action for trespass and for damages the plaintiff, after trial of issues as to trespass, etc., may not abandon these contentions upon the trial, and have the court consider the action as an equitable one to remove a cloud upon the title, and so avoid the payment of the full amount of the costs incident to the litigated issues.

2. **Same—Pleadings—Issues—Appeal and Error.**

Where, in an action for trespass and for damages, the plaintiff alleged title to the *locus in quo* under his deed, and the defendant, admitting this paper title, alleged ownership in a part thereof by adverse possession: *Held*, upon the withdrawal of all claims of trespass and the consequent damages, it was error to the defendant's prejudice for the trial judge to regard the action as a suit to remove a cloud upon the plaintiff's title, ignore the issues raised by the pleadings, and tax each party with one-half of the costs.

3. **Costs—Equity—Cloud on Title—Statutes.**

Where the defendant disclaims title to lands in a suit to remove a cloud thereon, the plaintiff is chargeable with the costs under the express provisions of our statute, C. S., 1743.

APPEAL by defendant from *Connor, J.,* at the Fall Term, 1921, of BRUNSWICK.

The court entered judgment as follows:

"This cause, coming on to be heard before George W. Connor, judge presiding, and plaintiff having in open court announced that she would

not ask that an issue as to trespass upon the lands described in the complaint, nor as to damages, be submitted to the jury, and having moved for judgment upon the pleadings that she be decreed the owner of the land described in the complaint, and the court being of the opinion that the allegation of ownership is not denied in the answer:

"It is, therefore, upon motion of Emmett Bellamy, Esq., and Lorenzo Medlin, Esq., attorneys for plaintiff, ordered, considered, adjudged, and decreed that the plaintiff is the owner and is in possession of the land described in the complaint.

"The court further finds that the action as now presented is one for removal of cloud on title, and that defendant now disclaims title to the land described in the complaint; that at a former term of court an order of survey was made without objection, and that said survey was made; that at a subsequent term this cause was tried by a jury, a verdict rendered, and same was set aside by the judge presiding, and a new trial ordered.

"It is now ordered by the court that the costs of this action be paid, one-half by plaintiff and one-half by defendant."

Defendant excepts and appeals.

*Emmitt Bellamy and Lorenzo Medlin for plaintiff.*
*Robert W. Davis and S. L. Dosher for defendants.*

HOKE, J.   We are unable to find anything in this record to uphold a judgment against defendant for the costs, or any part of it.   It appears from a perusal of the pleadings that plaintiff filed his complaint alleging ownership of a specified tract of land, describing same by metes and bounds; that defendants had wrongfully entered on same and cut and removed therefrom timber and timber trees, and were wrongfully attempting to farm said lands to plaintiff's damage $50; that defendants were insolvent, and unless restrained plaintiff's loss would be irreparable; and asked judgment that plaintiff be declared the owner, for $50 damages, and that the defendants be restrained.

Defendants answered, admitting that plaintiff had a deed for "certain lands" from one J. W. Brooks, and denying each and all allegations of wrong and trespass alleged against them, and denying that defendants are insolvent.   Defendants further answered and alleged ownership and occupation under claim of right for thirty years of certain described lands, and that defendants lay no claim to any part of the land alleged to belong to plaintiff, except so much thereof as may be included in the deeds under which defendants claim and occupy, as stated.

Upon the issues thus made, and apparently at a former term, a survey was had by order of court, and the issues arising on the pleadings having

been submitted to and determined by the jury, the verdict was set aside by the court and a new trial ordered. In this condition of the record the cause coming on for further hearing at the present term, and plaintiff, as appears from his Honor's judgment, having stated that she would not insist on an issue as to trespass or damages, upon such statement his Honor, treating the action as one to remove a cloud from plaintiff's title, entered judgment of ownership in her favor, and that "each party pay one-half of the costs."

Having thus far presented and maintained the position that defendants had wrongfully trespassed upon her property and caused the accrual of the incidental cost in investigation and trial of these litigated issues, plaintiff should not now be allowed to abandon this position and tax the cost incurred to defendants' prejudice without having it in some way properly determined that these defendants have wrongfully resisted her claim. *Starr v. O'Quinn,* 180 N. C., 92; *Brown v. Chemical Co.,* 165 N. C., 421.

It would seem to be a fair interpretation of these pleadings as a whole that defendant avers and intends to aver ownership of so much of plaintiff's claim as may be included in the deeds and occupation of defendants, and disclaims as to the remainder, and on that interpretation an issue is raised as to whether the lands contained in plaintiff's deed cover any of the lands claimed and owned by defendant as set up and described in the answer. If plaintiff desires to suffer a nonsuit on such an issue, she may do so, but in that case she must submit to a judgment of the costs incurred in the action.

Even on the theory that the action may now be properly construed as one to remove a cloud from title, if defendant's answer is to be dealt with as a disclaimer of ownership, and the judgment of his Honor so treats it, in that case the statute applicable, C. S., 1743, expressly provides that the defendant shall not be subjected to costs.

There is error, and this will be certified that the judgment be set aside and the cause further considered.

Error.