MABEL K. BELL v. R. S. McCOIN, TRUSTEE, ET AL.

(Filed 27 September, 1922.)

### 1. Trusts—Equity—Deeds and Conveyances—Cancellation.

Where, at the suit of the wife, it appears that a deed in trust, made by herself for her benefit and that of her children, was under a misapprehension of the facts, and that its enforcement had proven to be ill-advised, improvident, and impossible of fulfillment, and that its cancellation would be to the interest of all concerned, preventing an irreparable loss, its cancellation as prayed for may be adjudged in the equitable jurisdiction of the court; but where these allegations are not admitted or proven, the case on appeal will be remanded that the facts may be judicially ascertained.

### 2. Same—Divorce—Parties—Husband and Wife—Marriage.

The divorced husband of the wife is a proper party to the suit of the wife to set aside her deed in trust to another for the benefit of herself and children, made during the existence of the marriage ties; and it appears in this suit that all the persons in interest have properly been made parties.

APPEAL by defendants from *Ferguson, J.,* at Special April Term, 1922, of VANCE.

Civil action to cancel a voluntary deed of trust.

On 1 December, 1920, the plaintiff, Mrs. Mabel K. Bell, with the written assent of her husband, since divorced, executed a voluntary deed of trust conveying all of her property to R. S. McCoin, trustee, for the use and benefit of herself and her four minor children.

BELL *v.* McCOIN.

This is a proceeding in equity to cancel said trust deed upon the ground that the same was executed under a misapprehension of the facts—the alleged mistaken facts being set out in detail in the petition—and that the provisions of the trust thereby created have proven to be ill-advised, improvident, and impossible of fulfillment; and further, that said cancellation would not only be to the best interest of all concerned, but irreparable injury and loss will result therefrom unless such equitable relief be granted.

From a judgment for the plaintiff, in accordance with the prayer of her petition, the defendants appealed.

*D. P. McDuffie and J. P. Zollicoffer for plaintiff.*
*Thomas M. Pittman for defendants.*

STACY, J.  As now advised, we see no reason why the deed in question should not be canceled by order of court, if it should appear, as alleged, that the same was executed under a misapprehension of the facts, and that the provisions of the trust thereby created have proven to be ill-advised, improvident, and impossible of fulfillment; and further, that such a cancellation would be to the best interest of all concerned—resulting in preventing an irreparable loss—but, on the instant record, we must remand the cause, to the end that the facts may be found or established.  It is evident that the learned judge signed the present decree with the impression that the material facts were admitted either in the pleadings or on the hearing, but this does not so appear from the answer of the guardian *ad litem,* and he does not seem to have made any admissions at the hearing, nor does it appear that the defendant McCoin, trustee, made any admissions at the hearing, other than those contained in his answer, which are not sufficient to warrant a finding of the facts as alleged.  *Ewing v. Wilson* (Ind.), 19 L. R. A., 767, and note; 26 R. C. L., 1208.

It appears that J. E. C. Bell, formerly the husband of Mabel K. Bell, has been made a party plaintiff to this action; and that all necessary parties who possibly could have any present interest in the property are properly before the court and asking for the relief sought.

Remanded.