MAX PLOTKIN v. THE MERCHANTS BANK & TRUST COMPANY ET AL.

(Filed 10 December, 1924.)

**Parties—Equity—Statutes—Actions—Cloud on Title—Mortgages—Deeds and Conveyances—Warranty.**

Where the owner of lands in possession thereof or entitled thereto brings his action claiming as such owner to remove as a cloud upon his title the lien of one claiming under his mortgage, and *pendente lite* has conveyed the land to another with full warranty deed, he may continue to prosecute his suit against the mortgagee as to the title, being a real party in interest, C. S., 446, without claim of the right to the possession, under the provisions of the statute of 1893, C. S., 1743; and where issue has been joined, he may, if successful, recover his costs.

APPEAL by defendant from *Bryson, J.,* at May Term, 1924, of FORSYTH.

On 30 June, 1920, S. E. Case and wife, and E. S. Porter and wife, for a valuable consideration, by deed, with usual covenants and warranties, conveyed a lot of land in the city of Winston-Salem, N. C., to plaintiff; on the same day, the same grantors conveyed the same lot of land, by deed of trust, to J. E. Alexander, trustee, to secure the payment of $5,250 to the defendant; the deed to plaintiff was duly registered on 13 July, 1920, and the deed of trust was duly registered on 10 August, 1920.

On 16 May, 1921, plaintiff commenced this action, alleging that the deed of trust was a cloud upon his title to the said lot of land, and that by virtue of the same defendant claimed an interest or estate in the said lot of land adverse to him; defendant, in its answer, admitted the execution and registration of the deed and of the deed of trust, as alleged, but as a defense to plaintiff's cause of action, as set out in the complaint, alleged that at the time of the conveyance of the land to him, plaintiff had full knowledge of the execution of the deed of trust by their common grantors, and agreed to assume the payment of the indebtedness secured therein; defendant further alleged that by virtue of the said deed of trust, it owned an interest or estate in the land superior to the interest or estate of plaintiff. Plaintiff, in his reply, denied that he had assumed the payment of the indebtedness secured in the deed of trust or that he knew of the execution of the same.

The action came on for trial at May Term, 1924, of the Superior Court of Forsyth County. Upon his cross-examination by defendant, plaintiff testified that on 8 June, 1923, he had conveyed the lot of land to O. F. Brown and J. C. Gatewood, by deed, with full covenants and warranties. This deed was duly registered on 9 June, 1923. At close of plaintiff's evidence, defendant moved for judgment dismissing the action or for nonsuit. This motion was denied, and defendant excepted.

No evidence was offered by defendant. The court instructed the jury that if they believed the evidence, they should answer the issues as contended by plaintiff. Defendant excepted to this instruction. The jury answered the issues submitted as follows:

"1. Did plaintiff assume the payment of the deed of trust executed to the Merchants Bank & Trust Company? Answer: 'No.'

"2. Did plaintiff purchase the property for a valuable consideration and without notice of any incumbrance? Answer: 'Yes.'

"3. Did the deed of trust executed by S. E. Case and E. S. Porter *et al.* to the Merchants Bank & Trust Company for $5,250 constitute a cloud upon the title of the plaintiff? Answer: 'Yes.' "

Upon the verdict, it was adjudged and decreed that the lot conveyed to plaintiff by Case and Porter is "free and clear from the effect of the said deed of trust, that the same is no lien upon the said property, and that the cloud upon the title of the plaintiff, so far as the same affects the title of the plaintiff is declared to be removed and of no effect." It was further adjudged that plaintiff recover of the defendant the costs of the action to be taxed by the clerk of the court. Defendant excepted to this judgment.

*Holton & Holton for plaintiff.*
*J. E. Alexander and L. M. Butler for defendant.*

CONNOR, J.   Defendant's assignments of error are based upon its contention that plaintiff, having conveyed the lot of land *pendente lite,* at the date of the trial, had no title to or estate in the same; that he had no interest therein to which defendant's claim under the deed of trust was adverse; and that therefore plaintiff could no longer maintain or prosecute an action to have the deed of trust declared a cloud upon his title or to have defendant's claim to the land decreed to be adverse to him. Each of defendant's exceptions is founded upon the proposition involved in this contention.

Plaintiff contends that at the commencement of the action he was seized in fee and in possession of the land; that defendant's claim thereto was adverse to him and a cloud upon his title; and that notwithstanding his conveyance of the land *pendente lite,* it was within the discretion of the court to permit him to continue the prosecution of the action in his own name or to cause his grantee to be substituted as plaintiff in his stead.

Plaintiff further contends that although he had conveyed the land and no longer had any estate therein or title thereto, he had at the date of the trial by reason of the warranty in his deed to the grantee, such an interest in the title to the land as that he could maintain an action under C. S., 1743 to have the validity of the claim of the defendant under the deed of trust determined.

This action did not abate upon the conveyance by plaintiff of the land owned by him at the date of its commencement. The cause of action survived. It was within the discretion of the court to determine whether the action should be continued in the name of the plaintiff or whether his grantee should be substituted as plaintiff; C. S., 461. This is the law unless the plaintiff no longer was a real party in interest as provided in C. S., 446.

Plaintiff having warranted the title to the land conveyed by him against the claims of all persons whomsoever, had an interest in the

action which was originally instituted and finally prosecuted to determine whether or not defendant's claim to the land, asserted in its answer, was valid. The possession of the land is not involved in this action. Its subject-matter is the title and in this plaintiff had an interest, not only at the commencement of the action, but also at its trial. Defendant relies upon *Burnett v. Lyman,* 141 N. C., 500, to sustain his contention that the action could not be prosecuted by the plaintiff after his conveyance of the land. The plaintiff in that action sought to recover of defendant the possession of the land and at the trial upon its appearing that plaintiff had, *pendente lite,* conveyed the land and was no longer entitled to possession of the same, this Court held that it was error to disallow defendant's motion for nonsuit. *Clark, C. J.,* quotes with approval the language of *Burwell, J.,* in *Arrington v. Arrington,* 114 N. C., 120, as follows: "In an action to recover land the rule is that the plaintiff must have the right to the possession not only at the institution of the suit, but at the time of the trial also."

In that action plaintiff was asking judgment that he was the owner and entitled to the possession of the land. Having conveyed the same after the commencement of the action and prior to the trial, he was no longer the owner or entitled to possession and therefore was not the real party in interest. He, therefore, could not maintain an action to have himself adjudged the owner and entitled to the possession of the land. In this action plaintiff seeks no affirmative relief. He is not demanding possession of the land nor are his rights put in issue. He demands judgment that the defendant has no right, title or interest in the land adverse or superior to him. The subject-matter of the action is the title to the land and in this, plaintiff had an interest both at the commencement and at the trial of the action; at the commencement of the action because he was seized in fee and in possession of the same, claiming an unencumbered title thereto; at the trial because he had warranted the title to his grantee and was liable on his warranty for a defect in the title. He was a real party in interest and as such, could continue to prosecute the action in his own name as plaintiff, the purpose of the action being to determine the validity of defendant's claim to an interest or estate in the land.

Defenses both to the jurisdiction of the court and to the merits of plaintiff's cause of action which would have been available to defendant if this had been a suit in equity to remove cloud upon title, are no longer applicable. This is an action authorized by a statute enacted by the General Assembly at its session in 1893, which with amendments, appears as section 1743 of the Consolidated Statutes of North Carolina. This section as applicable to the instant case is as follows: "An action

may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim. If the defendant in such action disclaim in his answer any interest or estate in the property or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs." This Court has said in *Campbell v. Cronly*, 150 N. C., 459: "It is well settled that prior to the statute of 1893, the jurisdiction of courts of equity to entertain bills to remove cloud from title or to quiet title was restricted within well defined limits. The Legislature in the session of 1893 enacted a statute for the purpose of enlarging the power of the courts to entertain suits to quiet titles where the conditions were such that a possessory action could not be brought."

In *Rumbo v. Mfg. Co.*, 129 N. C., 10, *Clark, C. J.*, says: "It was because the General Assembly thought the equitable doctrines (as laid down in *Busbee v. Macy*, 85 N. C., 329, and *Busbee v. Lewis, ibid.*, 332, and like cases) inconvenient or unjust that the act of 1893 was passed."

*Walker, J.*, in *Christian v. Hilliard*, 167 N. C., 4, speaking of this statute, says: "The beneficial purpose of this statute is to free the land of the cloud resting upon it and make its title clear and indisputable so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion."

The contention that a plaintiff in an action brought under this statute must allege and prove that at the commencement of the action and at its trial he had an estate in or title to the land, cannot be sustained. It is only required by the statute that he have such an interest in the land as that the claim of the defendant is adverse to him. The language of the statute is broad and liberal, showing the purpose of the General Assembly to permit any person to bring an action against another who claims an interest or estate in real property adverse to him. The defendant is fully protected by the provision in the statute that if he disclaim in his answer any interest or estate in the property or if he suffer judgment to be taken against him without answer, the plaintiff cannot recover costs. If the defendant claims no interest or estate in real property as alleged by the plaintiff, or if he does claim such interest and his claim is well founded, no costs can be adjudged against him.

In this action the defendant filed an answer asserting an estate or interest in the land adverse to the plaintiff. Upon the trial plaintiff offered evidence amply sufficient to establish the truth of his allegations. The defendant at no time renounced or disclaimed an interest or estate in the land. The claim of defendant was adverse to plaintiff, who was, therefore, entitled to the benefits of C. S., 1743, a highly remedial

statute; *Satterwhite v. Gallagher,* 173 N. C., 525; *Nobles v. Nobles,* 177 N. C., 243; *Clemmons v. Jackson,* 183 N. C., 382.

There was no error in refusing defendant's motion to dismiss the action or to nonsuit the plaintiff, or in giving the instructions to the jury as set out in the case on appeal.

No error.