C. L. WILLIAMS, SOLICITOR OF THE FOURTH JUDICIAL DISTRICT, v. JOHN B. HOOKS, WILLIAM BORDEN HOOKS, AND LUCINDA T. HOOKS, EXECUTORS OF J. B. HOOKS, DECEASED; C. R. AYCOCK, CLERK OF THE SUPERIOR COURT OF WAYNE COUNTY; EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 4 March, 1931.)

1. **Parties B b—Motion for joinder of proper parties is addressed to discretion of court and is not reviewable.**

The action of the trial judge in making necessary parties to an action is reviewable on appeal, and the making of proper parties is addressed to his sound discretion and not reviewable. C. S., 456, 460.

2. **Same — Appellants in this case held neither necessary nor proper parties and order making them parties was erroneous.**

Where the deceased clerk of the Superior Court has commingled his personal and official funds and invested them as the law requires for the latter, and the suit is only for the appointment of a receiver to separate the investments which are amply sufficient to cover his official accounts, the sureties on the bonds of the deceased clerk are neither necessary nor proper parties to the action, and an order of the trial court in making them parties over their objection is error.

STACY, C. J., not sitting; CLARKSON, J., dissents.

APPEAL by the defendants, Employers Liability Assurance Corporation, Ltd., and United States Fidelity and Guaranty Company, from *Johnson, Special Judge,* at August Term, 1930, of WAYNE. Reversed.

This is an action for the appointment of a receiver, with power to take over, hold and liquidate, under the orders of the court, certain securities and investments in the hands of J. B. Hooks, deceased, at the date of his death.

At the date of his death, and for several years prior thereto, J. B. Hooks was the clerk of the Superior Court of Wayne County, North Carolina; as such clerk, the said J. B. Hooks had received, from time to time, various sums of money, which he held by virtue of his office. Some of these sums of money, the said J. B. Hooks had invested in various income-bearing securities, as he was required by law to do.

During his terms of office as clerk of the Superior Court, the said J. B. Hooks had in hand, from time to time, various sums of money which belonged to him, personally. These sums of money were also invested by the said J. B. Hooks in various securities.

The said J. B. Hooks commingled the funds in his hands, as clerk of the Superior Court, with the funds which belonged to him personally, and invested said commingled funds in securities, which he had on hand

at his death on 28 November, 1929. The face value of said securities largely exceeded the amount of the funds in the hands of the said J. B. Hooks, deceased, by virtue of his office as clerk of the Superior Court, at the date of his death, as shown by an audit made under the orders of the board of commissioners of Wayne County.

It is impossible, or at least impracticable, now to ascertain which of the securities in the hands of J. B. Hooks, at the date of his death, should be turned over and delivered to the defendant, C. R. Aycock, his successor as clerk of the Superior Court of Wayne County, and which of said securities should be held and retained by the defendants, his executors, as assets belonging to his estate. All of said securities were held by the said J. B. Hooks for the protection of the beneficiaries of the funds in his hands as clerk of the Superior Court of Wayne County, and an accounting will be necessary before it can be ascertained which of said securities are assets of his estate to be held and retained by his executors.

A receiver has been appointed in this action, by consent of the plaintiff, the Solicitor of the Judicial District, which includes Wayne County, and the defendants, C. R. Aycock, the successor of J. B. Hooks, as clerk of the Superior Court of Wayne County, and the executors of the said J. B. Hooks, deceased. This receiver is authorized by the court to take over, hold, and liquidate, under its order, all the securities and investments in the hands of J. B. Hooks, at the date of his death.

The defendants, Employers Liability Assurance Corporation, Ltd., and United States Fidelity and Guaranty Company, are sureties on bonds filed by J. B. Hooks, as clerk of the Superior Court. No cause of action is alleged in the complaint against either of these defendants, nor is any relief demanded therein of either of them. They were made parties defendant to the action in order that they might have notice of all orders made by the court, during the receivership, and might have the right to be heard before said orders were made.

The action was heard at August Term, 1930, of the Superior Court of Wayne County on the motion of the two last named defendants, that the action be dismissed as to them and as to each of them.

From judgment denying their said motion, the said defendants appealed to the Supreme Court.

*Kenneth C. Royall and Andrew C. McIntosh for receiver.*
*Langston, Allen & Taylor for appellants.*

CONNOR, J. This is not an action on either of the official bonds executed by J. B. Hooks, clerk of the Superior Court of Wayne County, as principal, and the appellants, respectively, as surety. Neither the

board of commissioners of Wayne County, the obligee in the bond executed by the defendant, Employers Liability Assurance Corporation, Ltd., as surety, nor the State of North Carolina, the obligee in the bond executed by the defendant, United States Fidelity and Guaranty Company, as surety, is a party to the action. Nor is any beneficiary of either of said bonds a party to the action. The action is equitable in its nature, and is for the preservation of the securities in the hands of J. B. Hooks, as clerk of the Superior Court of Wayne County, at his death, in order that the rights and equities of his successor and of his executors, respectively, may be ascertained and adjusted, under the supervision and orders of the court.

Neither of the appellants has or claims an interest in the securities which are the subject-matter of the action; nor is either a necessary party to a complete determination of the questions involved in the action. Neither of the appellants is, therefore, a necessary party to the action. C. S., 456, and C. S., 460.

Nor can it be held that either of the appellants is a proper party to the action. They have no interest, present or future, and no title, legal or equitable, in or to the securities which are the subject-matter of the action. They cannot be retained, over their objection, as parties defendant for the sole purpose of binding them by orders to be made from time to time, in the action. It is not alleged in the complaint or found by the court that the securities in the hands of the receiver are not sufficient, in value, to pay the amount due by J. B. Hooks, deceased, to the defendant, C. R. Aycock, his successor as clerk of the Superior Court of Wayne County. C. S., 943.

As appellants are not proper parties to the action, the judgment retaining them as defendants is reviewable by this Court on their appeal from the judgment. If they were proper parties, the motion to dismiss the action as to them would have been addressed to the discretion of the court, and the judgment or order denying the motion would not have been reviewable. *Guthrie v. Durham,* 168 N. C., 573, 84 S. E., 859.

There was error of law in the refusal of the court to allow the motion of the appellants that the action be dismissed as to them, and as to each of them, for the reason that they are neither necessary nor proper parties to the action. The judgment is

Reversed.

STACY, C. J., not sitting.
CLARKSON, J., dissents.