R. BRUCE ETHERIDGE, INDIVIDUALLY, AND T. S. MEEKINS, JR., AND PERCY MEEKINS, EXECUTORS OF T. S. MEEKINS ESTATE, v. ESSIE N. WESCOTT AND HUSBAND, G. T. WESCOTT, JR.

(Filed 31 October, 1956.)

**1. Quieting Title § 2: Ejectment § 16—**

It is competent for a witness to state whether or not a deed or a series of deeds covers the lands in dispute when he is stating facts within his own knowledge.

**2. Quieting Title § 1—**

In an action to quiet title it is required only that plaintiff have such an interest in the land as to make the claim of defendant adverse to him.

**3. · Quieting Title § 2—**

The owner of lands executed deed to one person and a contract to convey to another. Upon his death his executors, with the joinder of the grantee, instituted action to cancel the contract to convey as a cloud on title, and introduced evidence of a perfect paper title in the deceased. *Held:* Plaintiffs could maintain the action even without the joinder of the grantee, and it was not necessary to submit an issue as to the grantee's title in order to determine whether or not the contract to convey constituted a cloud on the title warranted to the grantee.

**4. Quieting Title § 2—**

Where, in an action to cancel a registered contract to convey as a cloud on title, it appears that the contract was under seal and was not void on its face, a peremptory instruction that if the jury believed the evidence, they should find that the contract conveyed no interest in the real property described therein, is error, it not being established as a matter of law that the contract had been abandoned or was barred by the statute of limitations.

**5. Limitation of Actions § 6d—**

Where a contract to convey stipulates that the vendor should execute deed to the purchaser as soon as the land is clear of encumbrance and the vendor is in position to make warranty deed, the statute of limitations does not begin to run in favor of the vendor until the removal of the encumbrance or encumbrances.

**6. Vendor and Purchaser §§ 23, 24—**

Where the owner has conveyed the property to a third person, the purchaser in a registered contract to convey theretofore executed may sue for specific performance or abandon the contract and insist only upon a refund of the purchase price paid, with interest, if such right has been preserved and is not barred by the statute of limitations.

**7. Husband and Wife § 4a—**

Since C.S. 454 has not been brought forward in our General Statutes, the husband is not a necessary or proper party to an action to cancel a contract to convey executed to the wife alone, in which the wife sets up a counterclaim for specific performance or return of the purchase price paid.

**8. Pleadings § 10—**

   The owner of lands executed a deed to one person and a contract to convey to another. The grantee was joined as a party plaintiff in an action to cancel the contract as a cloud on title, and defendant set up a counterclaim for specific performance or return of the purchase price paid, with interest. *Held:* The contract to convey was the sole basis of plaintiffs' action and defendant's counterclaim, and therefore, the counterclaim could be set up in the action, G.S. 1-137, even though recovery of the purchase price was not sought and could not be had as against plaintiff grantee in any event.

**9. Quieting Title § 2: Vendor and Purchaser § 24—**

   Where defendant, in an action to cancel a contract to convey as a cloud on title, properly sets up a counterclaim for specific performance or recovery of the purchase price paid, with interest, it is error for the court to exclude evidence tending to show the consideration paid on the purchase price under the contract.

JOHNSON, J., not sitting.

APPEAL by defendants from *Phillips, J.,* January Term, 1956, of DARE.

This is an action instituted by the plaintiffs on 28 September 1954 to declare a claim of the defendants to be a cloud upon the title of the plaintiff Etheridge and to remove such cloud from his title.

T. S. Meekins, immediate predecessor in title to the lands in controversy, died in February 1954, and T. S. Meekins, Jr., and Percy Meekins are the duly qualified and acting executors of his estate. Mrs. T. S. Meekins died in July 1954.

T. S. Meekins (who is the same person as Theo. S. Meekins) executed and delivered to Mrs. Essie Wescott (who is the same person as the defendant Essie N. Wescott) a contract under seal, reading as follows:

"It is agreed by the undersigned that the following property situated in Nags Head Shores will be deeded to Mrs. Essie Wescott when same is clear of encumbrance and the undersigned is in position to make deed warranty conveyance;

"Beginning at the Northeast corner of a tract of land deeded to said Mrs. Essie Wescott September 26, 1932, and running thence a Westwardly course along the North line of said lands to the east side of Wright Memorial Ave. if it were extended; thence a northwardly course along said Wright Memorial Ave., if extended, 111 feet; thence an eastwardly course parallel with first line to the Atlantic Ocean at a point 111 feet north of beginning; thence a southwardly course along the Atlantic Ocean 111 feet to place of beginning, same being situated in Nags Head Shores.

"Witness my hand and seal, this the 6th day of January, 1933. Theo. S. Meekins (SEAL). Witness: E. H. Peel."

The above contract was duly acknowledged before the Clerk of the Superior Court of Dare County and registered in the office of the Register of Deeds in said county on 9 February 1934.

The plaintiffs allege that R. Bruce Etheridge is the owner in fee simple of the premises described in the above contract, by virtue of a deed executed to him by T. S. Meekins and wife, dated 28 September 1935, and duly filed for registration on 4 August 1936, conveying a one-half interest in said premises, and a deed executed by T. S. Meekins and wife to R. Bruce Etheridge dated 23 April 1940, conveying to him their remaining interest in said premises, which instrument was duly recorded in the office of the Register of Deeds in Dare County on 8 May 1940.

The defendants in their answer deny that the plaintiff Etheridge is the owner of the lands in controversy. However, they admit that the description of the lands he claims, as set forth in paragraph two of the complaint, is identical with the description of the lands contained in the contract between T. S. Meekins and the defendant Essie N. Wescott.

The defendants set up a counterclaim in which they allege that the defendant Essie N. Wescott paid to T. S. Meekins a consideration of $1,138.00 for the premises described in the aforesaid contract; that a demand was made on T. S. Meekins for a deed in compliance with the terms of the contract before 9 February 1935; that the said Meekins claimed the lands were still not clear of encumbrances and that he was not in a position to comply with the contract and requested the defendant Essie N. Wescott to take no action against him, and that he would comply with the terms of his contract when he was in a position to do so. It is alleged that demands were made on T. S. Meekins one or more times each year thereafter until the year 1953 or 1954; that at all times T. S. Meekins admitted the validity of the contract and in each instance expressed or implied his engagement not to plead the statute of limitations if such indulgence was granted; that the defendant Essie N. Wescott relied on the sincerity of the promises and representations made by the said Meekins, and refrained from bringing suit under said contract solely on the promises of the said Meekins. Whereupon, the defendants prayed the court for an order directing the executors of the estate of T. S. Meekins to convey the premises in controversy to the defendant Essie N. Wescott, but if actual title could not be vested in her, that she then have judgment against the estate of T. S. Meekins in the sum of $1,138.00 with interest thereon from such date as the evidence might justify. The defendant G. T. Wescott, Jr., husband of the *femme* defendant, moved in apt time for a judgment as of nonsuit as to him. The motion was denied and he excepted to the ruling.

At the close of all the evidence the plaintiffs moved for judgment as of nonsuit as to the defendants' counterclaim. The motion was allowed, and the defendants excepted.

The court instructed the jury that if they believed the evidence they should answer the issues as contended by the plaintiffs. Defendants excepted to this instruction. The jury answered the issues as follows:

"1. Is the paper writing dated January 6, 1933, and recorded in Book 15, page 527, sufficient in law to convey any interest in the real property described in paragraph 2 of the plaintiffs' complaint? Answer: No.

"2. Is the paper writing referred to in section third of the complaint, and recorded in Dare County, North Carolina, Public Registry, Book 15, page 527, a cloud on plaintiff Etheridge's title? Answer: Yes.

"3. If so, are the plaintiffs entitled to have said cloud removed? Answer: Yes."

Upon the verdict, it was adjudged and decreed that (1) the plaintiff R. Bruce Etheridge is the owner in fee of the lands, the subject matter of this action; (2) the defendants have no right, title or interest in and to said lands; (3) the paper writing dated 6 January, 1933, between T. S. Meekins and the defendant Essie N. Wescott, constitutes a cloud on the title of plaintiff R. Bruce Etheridge to said lands, and that said cloud is removed and the said paper writing adjudged of no force or effect as against the said plaintiff's title to said lands; and (4) judgment of involuntary nonsuit is hereby entered as to defendants' alleged counterclaim set up in their answer.

The defendants appeal, assigning error.

*McCown & McCown, LeRoy & Goodwin, and John H. Hall for plaintiff appellees.*

*Worth & Horner for defendant appellants.*

DENNY, J. The record in this case presents 120 assignments of error. Obviously, we will not consider them *seriatim*. We think, however, the appeal may be disposed of by a consideration of the following questions:

1. Was it competent for a witness on behalf of the plaintiffs to testify that certain deeds in Etheridge's chain of title covered the lands in dispute?

2. Did the court err in failing to submit an issue as to the title of the lands claimed by the plaintiff Etheridge?

3. Was it error to give peremptory instructions on the issues submitted in light of the evidence adduced in the trial?

4. Did the court err in refusing to sustain the motion for judgment as of nonsuit as to the defendant G. T. Wescott, Jr.?

5. Is the defendant Essie N. Wescott entitled to maintain her cross-action against the estate of T. S. Meekins to recover the alleged pur-

chase price of the lands Meekins agreed to convey to her in the contract dated 6 January 1933?

6. Did the court err in excluding the evidence offered by the defendants tending to show that the defendant Essie N. Wescott paid a consideration of $1,138.00 for the lands T. S. Meekins contracted to convey to her, and the evidence tending to repel the statute of limitations?

We shall consider these questions in the order stated.

1. Exceptions Nos. 2, 3, and 4 are directed to the admission of testimony to the effect that the witness knew of his own knowledge that the descriptions in the grant and in the several deeds offered in evidence by the plaintiffs covered the lands in dispute. It is competent for a witness to state whether or not a deed or a series of deeds cover the lands in dispute when he is stating facts within his own knowledge. *McQueen v. Graham*, 183 N.C. 491, 111 S.E. 860; *Singleton v. Roebuck*, 178 N.C. 201, 100 S.E. 313. These exceptions are overruled.

2. Etheridge and the defendant Essie N. Wescott claim all their right, title and interest in the premises in controversy from a common source, to wit: T. S. Meekins. No question is debated as to the validity of the title into Meekins. And while the defendants in their answer denied Etheridge's title, it is apparent they did so solely on the contention that the contract, executed by T. S. Meekins on 6 January 1933, conveyed to the defendant Essie N. Wescott such an interest in the lands described therein that upon registration of the contract it constituted a claim superior to any rights Etheridge obtained under subsequently executed deeds from T. S. Meekins and wife.

In order to remove a cloud from a title, it is not necessary to allege and prove that at the commencement of the action, and at its trial, the plaintiff or plaintiffs had an estate in or title to the lands in controversy. It is only required, under the provisions of G.S. 41-10, that the plaintiff or plaintiffs have such an interest in the lands as to make the claim of the defendant or defendants adverse to him or them. *Plotkin v. Bank*, 188 N.C. 711, 125 S.E. 541. The plaintiffs clearly established in evidence a perfect paper title from the state by grant and *mesne* conveyances to T. S. Meekins. It follows, therefore, that the personal representatives of T. S. Meekins could have brought this action without making Etheridge a party. *Plotkin v. Bank, supra. Cf. Veasey v. King*, 244 N.C. 216, 92 S.E. 2d 761. Consequently, it was unnecessary to submit an issue as to Etheridge's title in order to determine whether or not the contract between T. S. Meekins and the defendant Essie N. Wescott constituted a cloud on the title warranted to Etheridge by T. S. Meekins. The contentions of the defendants in this respect are without merit. However, if the plaintiff Etheridge desires an adjudication of his title, in addition to the removal of the alleged cloud therefrom, an issue as to the title to the lands claimed by him should be

submitted to the jury in view of the express denial thereof in the answer filed by the defendants.

3. In our opinion, the written agreement between T. S. Meekins and Mrs. Essie Wescott is not null and void on its face. Therefore, it was error to give peremptory instructions to the jury that if they believed the evidence they should answer the first issue "No." The contract is under seal, which imports consideration. *Thomason v. Bescher*, 176 . N.C. 622, 97 S.E. 654, 2 A.L.R. 626; *Crotts v. Thomas*, 226 N.C. 385, 38 S.E. 2d 158; *McGowan v. Beach*, 242 N.C. 73, 86 S.E. 763. Consequently, if the defendant Essie N. Wescott paid to T. S. Meekins $1,138.00 as the purchase price of the lands described in the contract executed on 6 January 1933, as alleged in the defendants' further answer and counterclaim, it became the duty of T. S. Meekins to remove the encumbrance or encumbrances on the lands involved and to deliver to the purchaser a good and indefeasible fee simple title thereto. Furthermore, in the absence of a renunciation of the contract by T. S. Meekins, the statute of limitations would not begin to run in his favor and against the purchaser until Meekins removed the encumbrance or encumbrances which were on the property at the time of the execution of the contract, this being the time fixed by him to execute the warranty deed to the defendant Essie N. Wescott. Whether the contract is valid and enforceable at this time depends on whether or not it has been abandoned or barred by the statute of limitations, as asserted by the plaintiffs. It may be that the defendant Essie N. Wescott abandoned the contract after the conveyances were made to Etheridge and insisted only upon a refund of the alleged purchase price, with interest. If such is the case, then her right to recover the agreed purchase price with interest, if paid as alleged in her further answer and counterclaim, depends upon whether or not such right has been preserved or is barred by the statute of limitations.

4. The correctness of the ruling of the court below on the motion of G. T. Wescott, Jr., for a dismissal or nonsuit of this action as to him, depends on whether or not he is a necessary or proper party to the action.

The appellees are relying on what is said in McIntosh, North Carolina Practice and Procedure, section 258, page 244, as follows: "The Martin Act (1911) confers upon the married woman the power to bind herself as to her property by contract without the joinder of her husband, except as to conveyances of her land and certain restrictions in dealing with her land, and it is said that this absolute freedom of contract carries with it the privilege and liability of suing and being sued alone (citing C.S. 2507, now G.S. 52-2, and *Royal v. Southerland*, 168 N.C. 405, 84 S.E. 708, Ann. Cas. 1917B, 623). The general result of the statutes and construction may be stated as follows: (a) The hus-

band may always be joined by the wife as plaintiff, as against third persons, but he is only a formal party and may be left out (citing *Patterson v. Franklin,* 168 N.C. 75, 84 S.E. 18; *Shore v. Holt,* 185 N.C. 312, 117 S.E. 165). (b) She may sue alone where it concerns her separate property; and all her property is her separate property, including, under recent statutes, the right to her earnings and to recover for personal injury. (C.S. 2513, now G.S. 52-10.) (c) As between herself and her husband, she may sue and be sued alone. (d) She may be sued alone on her contracts (citing *Lipinsky v. Revell,* 167 N.C. 508, 83 S.E. 820; *Warren v. Dail,* 170 N.C. 406, 87 S.E. 126), and since the husband is not now liable for her torts, it would seem that she could be sued alone for her torts. (e) *The husband may always be joined with the wife as defendant and it is safe to do so until the wording of the statutes is changed,"* citing *Shore v. Holt, supra; Bell v. McCoin,* 184 N.C. 117, 113 S.E. 561. (Emphasis added.)

McIntosh, North Carolina Practice and Procedure, 2nd Edition, Volume 1, section 696, page 386, states: "For a number of years the statute required joinder of the husband, except in specified cases, the most important exception being suits involving her separate property. The passage of the Martin Act in 1911 and the enactment of Chapter 13, Public Laws of 1913, rendered joinder of the husband ordinarily unnecessary by granting freedom of contract and specifically authorizing a married woman to sue alone for personal services or in tort. Since the statute (C.S. 454) requiring joinder is no longer in force, it is now unnecessary to join the husband unless he has an interest in his own right or unless the action is one involving a conveyance to which the husband must give written assent."

Since C.S. 454 has not been brought forward in our General Statutes, it is our opinion, and we hold, that G. T. Wescott, Jr., has no such interest in the subject matter of this action or in the counterclaim set up on behalf of Essie N. Wescott as to make him a necessary or a proper party to the action. *Lipinsky v. Revell,* 167 N.C. 508, 83 S.E. 820; *Williams v. Hooks,* 200 N.C. 419, 157 S.E. 65. Hence, the motion of G. T. Wescott, Jr., for dismissal of the action as to him, should have been granted.

5. The question raised by this assignment of error is whether or not the defendant Essie N. Wescott is entitled to maintain her counterclaim, or, more strictly speaking, her cross-action, against the personal representatives of T. S. Meekins.

G.S. 1-137 provides: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as

the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

Clearly, the contract between T. S. Meekins and the defendant Essie N. Wescott was the sole ground set forth in the plaintiffs' complaint as the foundation of plaintiffs' claim. Likewise, all the claim Essie N. Wescott has, if any, is based upon the same contract.

In *Smith v. French*, 141 N.C. 1, 53 S.E. 435, *Hoke, J.,* in considering a counterclaim under the above statute, said: "Subject to the limitations expressed in this statute, a counterclaim includes well-nigh every kind of cross-demand existing in favor of the defendant against the plaintiff in the same right, whether said demand be of a legal or an equitable nature. It is said to be broader in meaning than set-off, recoupment, or cross-action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill would have secured to him in the same state of facts."

In *Plotkin v. Bank, supra,* the plaintiff was successful in having a deed of trust removed as a cloud on the title to a house and lot which plaintiff had conveyed by warranty deed to third parties who were not parties to the action. The court in its judgment set out in the record on appeal, but not set out in the opinion, not only decreed that the deed of trust be canceled but that the cause be retained for trial on the issues arising on the pleadings growing out of the cancellation of the deed of trust and its removal as a cloud on the title the plaintiff had warranted to his grantees.

In the instant case, if it should be determined that Essie N. Wescott is entitled to a conveyance of the premises described in the complaint, as demanded in the answer of the defendants, the plaintiff Etheridge would be a necessary party in order for the court to cancel and remove his deeds as a cloud on the title of the defendant Essie N. Wescott. On the other hand, if it should be determined that the defendant Essie N. Wescott has abandoned her rights under the contract, except with respect to a refund of the alleged purchase price, she cannot obtain a money judgment against Etheridge, and no such judgment is sought against him. Even so, we think it is within the purview of the provisions of G.S. 1-137 to permit the counterclaim to be litigated between the defendant Essie N. Wescott and the personal representatives of the estate of T. S. Meekins in the present action.

6. The court below excluded the evidence offered by the defendants which tended to support the allegations of Essie N. Wescott's counterclaim. The excluded evidence of G. T. Wescott, Jr., and others tended to show that the defendant Essie N. Wescott paid T. S. Meekins

$1,138.00 for the lands he contracted to convey to her when the same were free of the encumbrance which was on the lands at the time of the execution of the contract and which, according to plaintiffs' evidence, was removed on 19 April 1940. The evidence also tended to show that Meekins had repeatedly, down through the years and as late as a few weeks before his death, promised to comply with the terms of his contract with Essie N. Wescott, and urged that she not bring an action against him.

In view of the conclusions we have reached on questions Nos. 4 and 5, we hold it was error to exclude the evidence offered by the defendants tending to show that the defendant Essie N. Wescott paid a consideration of $1,138.00 to T. S. Meekins for the lands he contracted to convey to her on 6 January 1933, as well as the evidence tending to repel the statute of limitations, where the evidence was otherwise competent.

For the reasons heretofore stated, the judgment which decreed the removal of the 1933 contract between T. S. Meekins and the defendant Essie N. Wescott as a cloud on Etheridge's title is reversed. We also hold there was error in denying the motion of G. T. Wescott, Jr., to dismiss the action as to him, and, likewise, in entering the judgment of nonsuit as to the counterclaim of the defendant Essie N. Wescott.

Reversed as to plaintiffs.

Reversed as to defendant G. T. Wescott, Jr.

Reversed as to counterclaim of defendant Essie N. Wescott.

JOHNSON, J., not sitting.