CHARLIE D. BIZZELL, MARY ESTELLE BIZZELL, JAMES L. ADAMS AND WIFE, MATTIE B. ADAMS, PLAINTIFFS, v. A. J. BIZZELL AND WIFE, MERLE BIZZELL; CHARLES H. BIZZELL AND WIFE, IRMA BIZZELL; FLORENCE B. WENTZ AND HUSBAND, ROBERT WENTZ; ANNIE LAURIE BIZZELL; ELIZABETH B. BUTLER AND HUSBAND, E. E. BUTLER; LELA UNDERWOOD, WIDOW; HERBERT L. BIZZELL AND WIFE, SUE P. BIZZELL; BESSIE B. ATKINSON AND HUSBAND, MOSES ATKINSON; O. R. BIZZELL AND WIFE, LULA BIZZELL; HENRY BIZZELL AND WIFE, FLORENCE BIZZELL; MAUDE BIZZELL, UNMARRIED; BLANCHE B. MEREDITH AND HUSBAND, ARENA MEREDITH; GEORGE BIZZELL AND WIFE, MRS. GEORGE BIZZELL; LUCY B. GRADY AND HUSBAND, POPE GRADY; ANNIE B. SECREST AND HUSBAND, HAL SECREST; JESSIE B. BARBOUR AND HUSBAND, ENGENE BARBOUR; SALLIE LEE WALL AND HUSBAND, EUGENE WALL; FRANK HOLMES BIZZELL, UNMARRIED; CHARLES JAMES BIZZELL AND WIFE, MRS. CHARLES JAMES BIZZELL; HERBERT OSCAR BIZZELL AND WIFE, MRS. HERBERT OSCAR BIZZELL; ROY BIZZELL AND WIFE, MRS. ROY BIZZELL; DORIS BIZZELL, UNMARRIED (ORIGINAL DEFENDANTS); AND D. R. SUTTON, JEFF. D. JOHNSON, JR., TRUSTEE; JEM ROBINSON; JOHN B. WILLIAMS, JR., TRUSTEE; DUNN PRODUCTION CREDIT ASSOCIATION; AND H. PAUL STRICKLAND, TRUSTEE (ADDITIONAL PARTY DEFENDANTS).

(Filed 15 April, 1953.)

**1. Appeal and Error § 1: Wills § 39—**

Where the court below has made no adjudication construing the will in question, the Supreme Court may not construe the will on appeal, since the Supreme Court's jurisdiction is limited to questions of law and legal inference raised by exceptions to rulings made and judgments entered in the Superior Court.

**2. Cancellation and Rescission of Instruments § 8—**

Where it is conceded that the deed in question conveyed some estate to the grantees, a stranger to the instrument cannot maintain an action to vacate or annul the deed or subsequent deeds of trust executed by the parties on the ground of mental incapacity of the grantors or fraud and undue influence or want of consideration, since the right to attack the deeds on these grounds rests exclusively in the grantors, or in case of their mental incapacity, in a person duly appointed to prosecute the action in their behalf. G.S. 1-57, G.S. 1-64.

**3. Same: Wills § 39—Parties claiming remainder under will may attack alleged life tenants' deeds as constituting cloud on title.**

Plaintiffs sought construction of a will, contending that plaintiff grantors acquired fee simple title to the lands in question under the will and that defendants' claims constituted a cloud on their title. Original defendants claimed that plaintiff grantors took only a life estate, and that they had an estate in remainder, and had the trustees in deeds of trust executed by plaintiffs joined as additional parties defendant and attacked the deed from plaintiff grantors to plaintiff grantees and the deeds of trust executed by plaintiffs as constituting a cloud on their remainder. *Held:* All parties having an interest in the land affected by the construction of the will are entitled to an opportunity to be heard, which includes the right to allege their claim, and therefore plaintiffs' demurrer to the original defendants' defense setting up that plaintiff grantors had only a life estate and attacking the deeds and deeds of trust as constituting a cloud on their remainder was properly overruled.

**4. Cancellation and Rescission of Instruments § 8: Pleadings § 31—**

In an action by plaintiffs to construe a will upon their contention that it devised the fee in certain lands to them, allegations of the original defendants, claiming a remainder in the lands, that deeds of trust executed by plaintiffs were void for fraud and undue influence, mental incapacity of grantors and want of consideration, are properly stricken upon motion of the trustees joined as additional parties defendant, since strangers to the instruments may not attack them on the grounds asserted, and therefore the allegations are irrelevant and immaterial to the cause alleged.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs and additional defendants from *Burney, J.,* September Term, 1952, SAMPSON. Reversed.

Civil action to quiet title to real property, heard on demurrer by plaintiffs to original defendants' cross action and motion by additional defendants to strike certain portions of the original defendants' answer.

In 1929 Elizabeth Bizzell died leaving a last will and testament in which she devised the real estate described in the complaint to the plaintiffs Bizzell. In 1942 plaintiffs Bizzell executed a deed to plaintiffs Adams which deed was sufficient in form and substance to convey a fee simple title to said property subject to the life estate therein reserved to the grantors. Thereafter, in 1946, plaintiffs executed a deed of trust

conveying said land to Jeff. D. Johnson, Jr., to secure an indebtedness due one D. B. Sutton, and in January 1947 plaintiffs Adams executed a deed of trust conveying the *locus* to John B. Williams, Jr., trustee, to secure an indebtedness to Jem Robinson. In April 1947 they executed another deed of trust to H. Paul Strickland, trustee, to secure an indebtedness to Dunn Production Credit Association.

The original defendants are the children and grandchildren of the testatrix other than the plaintiffs Bizzell and Mattie B. Adams.

Plaintiffs instituted this action against the original defendants and allege in their complaint in effect that (1) their mother, the testatrix, devised the *locus* to plaintiffs Bizzell in fee; (2) by reason of the phraseology of the devise the original defendants claim all said land as devisees under the will, subject to a life estate therein devised to plaintiff Bizzell; and, (3) said claim of defendants casts a cloud on their fee simple title. They pray judgment decreeing that they own said land in fee and that defendants have no right, title, or interest therein.

On motion of defendants the trustees named in the several deeds in trust and the parties secured thereby were made parties defendant. Thereupon the original defendants filed answer in which they allege that (1) the plaintiffs Bizzell took only an estate for life under the devise contained in their mother's will, (2) the deed from them to plaintiffs Adams conveys no interest therein, (3) they as devisees and as heirs at law are seized and possessed of the title to said land subject to the said life estate, and (4) the claim of plaintiffs and their grantees casts a cloud upon their remainder interest in the *locus*. They further allege, by way of cross action, that the deed from plaintiffs Bizzell to plaintiffs Adams was procured by fraud and undue influence; was executed without consideration; and that the grantors Bizzell at the time were without sufficient mental capacity to execute the same. They further allege that plaintiffs Adams, in furtherance of their scheme to defraud plaintiffs Bizzell, executed the trust deeds above mentioned and that the deed from the Bizzells to the Adamses and the several deeds of trust above cited cast a cloud on their title to said property. They pray that said deed and trust deeds be vacated and that they be adjudged the owners of said land subject only to the life estates of plaintiffs Bizzell, free and clear of any adverse claim asserted by plaintiffs Adams and the additional defendants.

Plaintiffs demurred to the second and third defenses and cross action of the original defendants for that said defendants are without capacity to maintain an action to vacate the deed from plaintiffs Bizzell to plaintiffs Adams and the trust deeds executed by plaintiffs for fraud or undue influence, or for want of consideration or of mental capacity, and upon other grounds specified in the written demurrer filed. The additional defendants appeared and moved to strike from the third defense and

cross action all the allegations (specifying them) made as a basis for their prayer that the several deeds and trust deeds therein referred to be adjudged null and void and of no effect.

The court below overruled the demurrer and denied the motions to strike *in toto*. The plaintiffs and the additional defendants excepted and appealed.

*Williams & Williams for John B. Williams, Jr., trustee, and Jem Robinson; H. Paul Strickland for H. Paul Strickland, trustee, and Dunn Production Credit Association; P. D. Herring, for Mary Estelle Bizzell and Mattie B. Adams, plaintiffs; Howard H. Hubbard for Mary Estelle Bizzell and Mattie B. Adams, plaintiffs, and J. D. Johnson, Jr., trustee, and D. B. Sutton, additional defendants.*

*Algernon L. Butler for appellees.*

BARNHILL, J.   Whether this action be considered as a proceeding under the Declaratory Judgment Act or as an action to quiet title or remove a cloud from the title to the real property described in the complaint is of little importance.   In either event the relief sought is the same.   Plaintiffs seek to have the Court construe the last will and testament of Elizabeth Bizzell and to decree that the devise of the testatrix's real property therein contained vested in the plaintiffs Bizzell a fee simple title to said land.   On the other hand, the original defendants assert in their answer that said plaintiffs under said devise became seized, at most, of an estate for life and that they, the original defendants, are the owners of said land in fee, subject to said life estates.   Therefore, a judgment decreeing the rights of the respective parties under said devise will settle the whole controversy.

Counsel in their argument in this Court requested the Court to construe the will and declare the rights of the respective parties thereunder and thus put an end to the controversy on this appeal.   But this we are not at liberty to do.   This is an appellate court and its prerogative is to consider and decide, on appeal, questions of law and legal inference raised by exceptions to rulings made and judgments entered in the Superior Courts of the State.   *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Trust Co. v. Waddell, ante,* 342.   This appeal involves only questions of proper pleading, and we must confine decision to the questions presented by the exceptive assignments of error contained in the record.

The court below erred in overruling the demurrer of plaintiffs to the cross action contained in the answer of the original defendants.   It is conceded that the testator devised to plaintiffs Bizzell a life estate, or some lesser estate, in the land which is the subject of this controversy. This being true, their deed to the plaintiffs Adams is valid in law to con-

vey whatever estate was devised to them until and unless it is vacated and annulled by a court of competent jurisdiction in an action instituted by them for that purpose, G.S. 1-57, or, if they are mentally incompetent as alleged, then in an action instituted by a person duly appointed by the court to prosecute the action in their behalf. G.S. 1-64; *Rental Co. v. Justice,* 211 N.C. 54, 188 S.E. 609.

What is here said in respect to the deed alleged in the cross action applies with equal force to the trust deeds executed by the plaintiffs. The original defendants are without legal capacity to maintain an action to vacate any one of them for fraud or undue influence or want of consideration. If we concede that a cause of action is alleged, the fact remains the right to maintain the cause does not belong to them. It rests in others.

The demurrer to the second further defense was properly overruled. The plaintiffs raise an issue of title, challenge the validity of the claim asserted by the original defendants, and pray judgment decreeing that the will of Elizabeth Bizzell devises said land to them in fee. On this issue the original defendants must have their day in court. If the court is to construe the will and declare the respective rights of the parties thereunder, all parties must be accorded an opportunity to be heard. But to be heard the original defendants must allege their claim. This in substance they have done in their second further defense. The facts therein alleged are properly pleadable in this cause. *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614.

It follows that there was error in the judgment overruling the motion to strike filed by the additional defendants. The allegations contained in and forming a part of the cross action are irrelevant and immaterial and must be stricken. *Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925; *Light Co. v. Bowman,* 231 N.C. 332, 56 S.E. 2d 602.

In this connection we note that the additional defendants did not move to strike from the "third defense and cross action" those allegations which are essential to a proper presentation of the claim of ownership asserted by the original defendants. These allegations, not included in the motion to strike, are a proper part of the answer, notwithstanding the fact we reverse the judgment overruling the demurrer of plaintiffs to the cross action. That is to say, the original defendants have a right to plead that (1) under a proper construction of the will of Elizabeth Bizzell they are seized of a remainder interest in said land, (2) the deed and the trust deeds referred to in the pleadings purport to convey said premises in fee, and (3) the claim of the plaintiffs and said instruments executed by them cast a cloud on their title; and pray judgment decreeing that they are the owners of the land subject to the limited estate devised

to the plaintiffs Bizzell, free and clear of any right, title, or interest of the plaintiffs Adams or the additional defendants.

For the reasons stated the judgment entered in the court below is Reversed.

JOHNSON, J., took no part in the consideration or decision of this case.