HORACE T. KING, Trading and doing business as HANOVER IRON WORKS v. R. H. LIBBEY and wife, MRS. R. H. LIBBEY.

(Filed 12 October, 1960.)

**1. Pleadings § 18—**

A counterclaim alleging that because of negligence of plaintiff in installing a furnace pursuant to contract there was an accumulation of carbon deposits and noxious gases resulting in injury to defendants, husband and wife, and all members of their family, and damage to their home and furnishings, *is held* to state but a single cause of action for damage to the home and furnishings of defendants under the rule that where a pleading does not set forth separate statements of more than

one cause of action it will be assumed that but a single cause was intended to be alleged, and that intimations of other causes of action are mere embellishments and not germane to the cause stated.

**2. Same—**

Husband and wife may maintain a counterclaim for damage to their home and furnishings therein resulting from the negligence of plaintiff, since both have a common interest in the relief sought, and when they do not demand a separate recovery, demurrer to the counterclaim for misjoinder of parties should not be allowed.

**3. Pleadings § 8—**

In an action against husband and wife to recover the balance due on a heating system installed in their home, the husband and wife may properly set up a counterclaim for damages to their home and its furnishings resulting from plaintiff's negligence in the performance of the contract.

**4. Same—**

A cause of action *ex delicto* may be pleaded as a counterclaim to an action *ex contractu* provided the counterclaim arises out of the same transaction or is connected with the same subject of action. G.S. 1-137(1).

APPEAL by defendants from *Stevens, J.,* at May-June 1960 Civil Term, of NEW HANOVER.

Civil action to recover on contract.

Plaintiff alleges in its complaint that it and defendants did, on or about 30th day of August, 1957, enter into a contract whereby plaintiff was to complete the existing heating system in certain residence of defendants, and furnish the labor and material for the installation of a certain model, at and for the agreed price of $490; and plaintiff alleges in substance compliance by it, and payment by defendants of only $75.00, leaving a fixed balance due and owing by defendants to plaintiff.

Defendants, designated as husband and wife, answering the complaint of plaintiff, admit the contract and payment on contract price substantially as alleged, but deny all other allegations contained there.

And defendants, further answering the complaint, and for counterclaim aver in substance that plaintiff was negligent in installing the furnace, — resulting in damage to the defendants, all members of their family, their home and furnishings because of the accumulation of carbon deposits and noxious gases and soot, due in substance to plaintiff's failure to install an adequate return air system.

Plaintiff demurs to the counterclaim of defendant, hereinabove set forth in the answer.

The cause coming on to be heard, and being heard, and the court being of opinion that the demurrer should be allowed and sustained

for that, among other things, it appears upon the face of the counter-claim that several causes of action have been improperly united and there is a misjoinder of parties and causes. The demurrer is sustained and the counterclaim dismissed.

Defendants except thereto and appeal to Supreme Court, and assign error.

*Steven, Burgwin, McGhee & Ryals, Poisson, Marshal, Barnhill & Williams for plaintiff, appellee.*
*Aaron Goldberg, Rountree & Clark for defendants, appellants.*

WINBORNE, C. J. The sole assignment of error on this appeal is predicated upon exception to the ruling of the trial court, — sustaining the plaintiff's demurrer to defendants' counterclaim as set up in their answer.

This raises the question as to whether or not the counter-claim states two or more causes of action. Paraphrasing *Land Co. v. Beatty* (1873) 69 N.C. 329, opinion by *Rodman, J.*, quoted in *Heath v. Kirkman*, 240 N.C. 303, 82 S.E. 2d 104, on examining the counterclaim in the present action we find that it does not profess to state more than one cause of action. If in fact it states two it would be demurrable, because it compounds and does not state them separately. Then this Court in opinion by *Bobbitt, J.*, in the *Heath* case, *supra*, states in summary this rule: "Unless the contrary plainly appears, it will be assumed that a complaint that does not set forth separate statements of more than one cause of action, is intended to allege a single cause of action and that intimations of other causes of action are mere embellishments and not germane to the cause of action constituting the heart of the complaint."

In the case in hand it seems clear that the defendants' counterclaim states facts sufficient to constitute a cause of action for injuries to their home and to the furnishings therein. Applying the rules as stated in the *Heath* case, only one cause of action is alleged in the counterclaim— that stated above.

The question then arises as to whether the cause of action alleged affects all parties. The answer is in the affirmative. Both defendants have a common interest in the relief sought and do not demand a separate recovery therefor. See *Heath v. Kirkman, supra*.

Moreover it is provided by statute in this State, G.S. 1-137, that "the counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of

the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action * * *."

Indeed if it arises out of the same transaction or is connected with the subject of the action, a tort claim may be pleaded as a counterclaim against a contract claim, that is, under Section 1, above, a cause of action *ex delicto* may be pleaded as a counterclaim to an action *ex contractu* provided it arises out of the same transaction or is connected with the same subject of action. See *Hancammon v. Carr*, 229 N.C. 52, 47 S.E. 2d 614.

In the light of these principles, this Court is of opinion and holds that the trial court erred in sustaining the demurrer filed herein, and that the judgment below should be, and is

Reversed.