FIRST NATIONAL LIFE INSURANCE COMPANY v. CAESAR FREDERICK FALCONER.

(Filed 2 February, 1968.)

**1. Pleadings § 8—**

The purpose of G.S. 1-137(1) is to permit the trial in one action of all causes of action arising out of any one contract or transaction.

**2. Pleadings § 12—**

Upon demurrer, the allegations of a counterclaim must be taken as true for the purpose of testing its validity.

**3. Pleadings § 8—**

In an action *ex contractu* defendant may assert a counterclaim in tort if the claim and the counterclaim arise out of the same contract or the same transaction.

**4. Same; Insurance § 2—**

In an insurance company's action to recover advancements made to its general agent pursuant to a .contract of agency, defendant's counterclaim alleging that he was unjustly deprived of commissions as a result of plaintiff's negligence in processing and in servicing applications from insurable persons, *held* to constitute a counterclaim permissible under G.S. 1-137(1).

APPEAL by defendant from *Farthing, J.,* June 1967 Civil Session, ORANGE Superior Court.

The plaintiff, First National Life Insurance Company, is a corporation organized under the laws of Arizona and licensed to do business in North Carolina. The plaintiff instituted this civil action on January 20, 1967 to recover from the defendant, Caesar Frederick Falconer, its former general agent, the sum of $35,139.49, balance due for money advanced during the life of the contract of agency between the plaintiff and the defendant. The plaintiff attached to its complaint a copy of the contract and made the same a part of the complaint.

The contract provided the general agent should receive as compensation a fixed rate of commissions on the premiums paid on the insurance written or procured by the general agent. The general agent was authorized to employ agents, to obtain applicants for insurance, and to receive and to deliver the policies to the insureds. The general agent was authorized to collect the first premium and account for the amount collected, less his commission. Subsequent payments were to be made directly to the plaintiff. The general agent, however, was to receive a fixed percentage of the subsequent premiums on the policies he had procured for the company. The contract of employment contained this provision: "In the event the Company advances any sums to the Agents of the General Agent or said Agents

become financially responsible to the Company for any reason what-soever, the General Agent shall be liable to the Company for one-half of said financial responsibility and the company is hereby authorized to withhold said sum from any compensation due the General Agent, but said Company shall notify the General Agent when said sums are being withheld."

The plaintiff alleged it had advanced the defendant the sum of $89,588.00 and the agent's commissions which the plaintiff had retained had reduced the balance due to the sum of $35,139.49, for which the plaintiff demanded judgment.

The defendant filed answer denying that any amount was due and set up two further answers and defenses. The first is not material to this appeal. The second is here quoted in part.

"As A Second Further Answer and Defense and Counter-claim to the plaintiff's Complaint, the defendant alleges and says:

1.  That on or about June 22, 1959, the plaintiff and the defendant entered into a written contractual agreement whereby the defendant agreed to sell life insurance on behalf of the plaintiff and the plaintiff agreed to service and process said applications submitted by the plaintiff [*sic*] and after the initial collection of premiums by the agent, the *defendant* was to collect the premiums and remit to the *plaintiff* the earned commissions. (The words plaintiff and defendant are as certified.)

2.  That the defendant did in fact sell life insurance for the plaintiff submitting his applications to the office of the plaintiff but the plaintiff was negligent in the handling of many of these applications and policies to such an extent that the policyholders complained to the defendant and cancelled the policies as a direct result of the negligent services on these policies and applications provided by the plaintiff.

3.  That the plaintiff had a duty to the defendant and to the policyholders solicited by the defendant and his agents to provide reasonable service for said policyholders, but the plaintiff breached his duty to the policyholders and the defendant causing cancellation of said policies and loss of commissions to the defendant.

4.  That the plaintiff was negligent in the handling of the applications and policies submitted by the defendant among other ways in the following ways:

(a) The plaintiff would submit two (2) drafts to the insured's bank for the payment for the insured's premium each month rather than the one (1) draft as provided for in the agreement between the plaintiff, the defendant, and the insured.

(b) That the plaintiff would withhold the dividend checks payable to the policyholders solicited by the defendant long after the agreed date that the said dividends were due causing much dissatisfaction with the policy and causing many policyholders to cancel the policies.

(c) That the plaintiff failed to send out to the defendant lapsed notices of policyholders secured by the defendant thereby preventing the defendant from reinstating the policies before the grace period had expired.

(d) That by the negligence enumerated in (a), (b), and (c) and by other administrative mishandlings and negligence the plaintiff negligently permitted the defendant to secure a bad business reputation in the communities where the defendant sold said policies for the plaintiff.

5. That by the negligence enumerated in (a), (b), (c), and (d) set out above among others too numerous to enumerate, the plaintiff caused the defendant to lose many of his agents who had been trained by the defendant at a great expense of time and money.

\* \* \*

8. That as a result of the many acts of negligence by the plaintiff set out herein, the defendant has suffered damages in the sum of twenty five thousand dollars ($25,000.00)."

The plaintiff filed a demurrer to the second further defense and counterclaim for that the counterclaim constituted a misjoinder of causes. The Court sustained the demurrer and dismissed the counterclaim.

The defendant, by his only exception and assignment of error, challenges the order sustaining the demurrer to his counterclaim and appealed.

*Blackwell M. Brogden, Rudolph R. Edwards for defendant appellant.*

*McCoy, Weaver, Wiggins, Cleveland & Raper by Alfred E. Cleveland for plaintiff appellee.*

HIGGINS, J. The plaintiff, by demurrer, has challenged the defendant's second further defense and counterclaim upon the sole ground the counterclaim constitutes a misjoinder of causes. G.S. 1-135 provides: "The answer of defendant must contain . . . 2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." G.S. 1-137 provides: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The purpose and intent of G.S. 1-137(1) is to permit the trial in one action of all causes of action arising out of any one contract or transaction. *Burton v. Dixon,* 259 N.C. 473, 131 S.E. 2d 27; *Amusement Co. v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398; *Rubber Co. v. Distributors, Inc.,* 251 N.C. 406, 111 S.E. 2d 614; *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614.

The allegations of the counterclaim challenged on demurrer must be taken as true for the purpose of testing validity. *Burns v. Gulf Oil Corp.,* 246 N.C. 266, 98 S.E. 2d 339. A counterclaim in tort may be asserted in an action on contract if the claim and the counterclaim arise out of the same contract or the same transaction. *King v. Libbey,* 253 N.C. 188, 116 S.E. 2d 339.

The plaintiff and the defendant were the only parties to the contract. The plaintiff sets it out and makes it a part of its complaint and relies on it as authority for its advancements and its right to apply commissions due the defendant as credits on these advancements. The defendant, in his counterclaim, says he procured many applications from insurable persons and that the plaintiff, by double billing, unreasonable delay in processing the applications, and by the negligent and careless manner in which the plaintiff treated the prospects, caused many withdrawals, cancellations, and failures to renew their policies. As a result, the defendant was unjustly deprived of commissions in an amount sufficient to discharge his obligations to the plaintiff and to entitle him to a judgment of $25,000. The plaintiff's demurrer challenges the counterclaim only for misjoinder of causes. It appears from the pleadings that the claim and counterclaim arise out of one and the same contract and one and the same transaction.

The counterclaim did not constitute a misjoinder. The judgment sustaining the demurrer is

Reversed.