FRANCES CROSS WATSON v. WILBUR AUGUSTA CARR AND WIFE, SHIRLEY VIOLA CARR

No. 6911SC77

(Filed 2 April 1969)

**1. Pleadings § 13— counterclaim in contract — "subject of the action"**

The "subject of the action" means, in connection with statute allowing counterclaim, the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had. G.S. 1-137(1).

**2. Pleadings § 13— counterclaim in contract — action to remove cloud on title**

In plaintiff's action to remove cloud on title and to be declared owner in fee simple of the property in question, defendants in a further answer and counterclaim admitted the title of plaintiff subject to defendants' rights as assignees of four deeds of trust and liens for taxes paid and contended that they were owners of liens on the property and entitled to have the deeds of trust foreclosed and the liens satisfied. *Held:* Defendants' allegations state a permissible counterclaim under G.S. 1-137(1).

**3. Mortgages and Deeds of Trust § 24— foreclosure by action — trustee as necessary party**

The holder of a note secured by a deed of trust may sue the makers *in personam* for the debt and may sue *in rem* to subject the mortgaged property to the payment of the note, and may combine the two remedies in one civil action, G.S. 1-123, but in the action for foreclosure the trustee in the deed of trust is a necessary and indispensable party.

APPEAL by defendants from *Lupton, J.,* at the 7 October 1968 Session of LEE Superior Court.

This is an action to remove cloud from title. Plaintiff filed her complaint 20 March 1968 alleging: Her father, Walter Cross, died 12 May 1961 owning two adjoining tracts of land near Lemon Springs, N. C. Walter Cross was survived by his widow and six

daughters, including the plaintiff. As a result of her inheritance and of conveyances by three of her sisters, plaintiff owns a four-ninths undivided interest in the property. On 2 December 1963, Gladys M. Cross, widow of Walter Cross, made a deed to the defendants purporting to convey title to the property in question, as a result of which defendants claim an interest in the land adverse to the interest of plaintiff. Plaintiff asked that she be declared the owner in fee simple of a four-ninths undivided interest and that the cloud be removed from her title.

The defendants answered 14 August 1968 substantially admitting the allegations of the complaint but denying that they claim any interest in the land adverse to the plaintiff except as set forth in their counterclaim. Defendants then alleged: The consideration for the deed to them from Gladys M. Cross, which reserved a life estate for the grantor in a dwelling house, was that the grantees (defendants) should pay four notes secured by four deeds of trust on the subject property; three of the deeds of trust were executed by Walter Cross and wife, Gladys M. Cross, and the fourth by Gladys M. Cross, plaintiff and plaintiff's husband. The defendants paid the notes and became the assignees of the notes and deeds of trust. The defendants then prayed that the trustees named in the various deeds of trust and the owners of the remaining shares of the property (all of whom were named) be joined as parties to this action; that defendants be declared to have liens on the shares of the property other than their own, by reason of the right of the defendants to have contribution for the notes and taxes paid, as well as for improvements made upon the property. Defendants further asked that a commissioner be appointed to foreclose the deeds of trust and sell the lands in question with the proceeds to be disbursed according to law.

On 3 September 1968, plaintiff demurred to the further answer and counterclaim, asking that it be dismissed on the ground that the matters raised therein could not properly be pleaded as a counterclaim to plaintiff's action. Plaintiff also moved for judgment on the pleadings. The demurrer was sustained and the court adjudged plaintiff to be the owner of a four-ninths undivided interest, free of any claim of the defendants arising out of the deed to the defendants from Gladys M. Cross. The defendants excepted and appealed.

*Pittman, Staton & Betts and Ronald T. Penny by J. C. Pittman for plaintiff appellee.*

*Gavin, Jackson & Gavin by H. W. Gavin for defendant appellants.*

BRITT, J.

The question presented by this appeal is whether the counterclaim is permissible under G.S. 1-137, pertinent provisions of which are as follows:

> "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:
> 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.
>
> *       *       *"

[1] If the counterclaim is permissible in this action, it is because it is connected with the subject of the action set forth in the complaint. "The 'subject of the action' means, in this connection, the thing in respect to which the plaintiff's right of action is asserted, whether it be specific property, a contract, a threatened or violated right, or other thing concerning which an action may be brought and litigation had." To be connected with the subject of action "the connection of the case asserted in the counterclaim and the subject of the action must be immediate and direct, and presumably contemplated by the parties." *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614. The construction of the phrase "subject of the action" set out in the *Hancammon* case has been relied upon in numerous subsequent cases. *Insurance Co. v. Falconer,* 272 N.C. 702, 158 S.E. 2d 793; *Amusement Co. v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398; *Etheridge v. Wescott,* 244 N.C. 637, 94 S.E. 2d 846; *Bizzell v. Bizzell,* 237 N.C. 535, 75 S.E. 2d 536; *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843.

[2] In this case, plaintiff seeks to remove a cloud from her title. Defendants admit the title of plaintiff subject to defendants' rights as assignees of four deeds of trust and liens for taxes paid, etc. Defendants contend that they are owners of liens on the property and are entitled to have the deeds of trust foreclosed and their liens satisfied. The subject of the action appears to be plaintiff's rights in the property, and assuming the truth of defendants' allegations, plaintiff's title remains clouded.

[3] It is well settled in this jurisdiction that the holder of a note secured by a deed of trust may sue the makers *in personam* for the debt and may sue *in rem* to subject the mortgaged property to the payment of the note, and may combine the two remedies in one

civil action, G.S. 1-123, but in the action for foreclosure the trustee in the deed of trust is a necessary and indispensable party. *Under-wood v. Otwell,* 269 N.C. 571, 153 S.E. 2d 40.

As stated in an earlier case with regard to G.S. 1-123, "[t]his section has been liberally construed to the end that justiciable controversies may be expeditiously adjusted by judicial decree at a minimum of cost to the litigants and the public." *Pressley v. Tea Co.,* 226 N.C. 518, 39 S.E. 2d 382. The *Pressley* case arose under G.S. 1-123, but the purposes of G.S. 1-123 and G.S. 1-137 are the same. *Hancammon v. Carr, supra.* Current legislative intent is indicated by G.S. 1A-1, Rule 13.

**[2]**    We hold that the trial court erred in sustaining plaintiff's demurrer to defendants' cross-action and entering judgment terminating the action. The judgment is vacated and this cause is remanded for further proceedings consistent with this opinion.

Error and remanded.

MALLARD, C.J., and PARKER, J., concur.